WILLIAM WISHER, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 7, 2008.
Supreme Court of Delaware.
Submitted: June 6, 2008.
Decided: September 9, 2008.
Before HOLLAND, BERGER, and JACOBS, Justices.

ORDER
Carolyn Berger, Justice.
This 9th day of September 2008, upon consideration of the parties' briefs and the record below, it appears to the Court that:
(1) The appellant, William Wisher, filed this appeal from the Superior Court's denial of his first motion for postconviction relief. Wisher's postconviction motion alleged ineffective assistance of counsel. We find no merit to Wisher's appeal. Accordingly, we affirm the Superior Court's judgment.
(2) The record reflects that a Superior Court jury convicted Wisher in June 2005 of trafficking cocaine, possession with intent to deliver, possession of marijuana, possession of drug paraphernalia, and conspiracy. We affirmed his convictions on appeal.[1] Thereafter, in March 2007, Wisher filed his first motion for postconviction relief, which he voluntarily withdrew in June 2007. He filed again for postconviction relief in August 2007. The Superior Court treated the motion as timely filed but denied Wisher postconviction relief.[2] This appeal followed.
(3) Wisher enumerates four arguments in his opening brief on appeal. First, he contends that his conviction should be reversed because the investigating officer made a false statement in his police report. Second, Wisher asserts that his trial counsel was ineffective for not following the procedures set forth in Supreme Court Rule 26(c) when he moved to withdraw as Wisher's counsel on appeal. Third, Wisher contends that the burden of proof was impermissibly shifted to the defense at trial. Finally, he claims that his public defender on appeal was ineffective for failing to challenge hearsay evidence that was admitted at trial and for failing to argue reversible error because of the Superior Court's failure to give a missing evidence instruction at trial. We do not address any other issues that Wisher might have raised to the Superior Court but failed to argue in his opening brief on appeal. Such claims have been waived.[3]
(4) The record at trial established that Wisher and two codefendants were arrested followed a controlled drug purchase, which had been arranged by an informant, Marcus Johnson. Marcus Johnson initially informed police that a man named Charles Johnson (no relation) was a drug dealer. After arranging a drug purchase, the informant met Charles Johnson at a Wawa store. Charles Johnson arrived in a car driven by Wisher and with a backseat passenger named Kevin Stigars. Police surrounded the car and removed all three men. In searching the vehicle, police found a bag with 112 grams of crack cocaine, a scale, and a marijuana cigarette. They also found marijuana in Charles Johnson's coat and $1431 in cash in Wisher's pocket. Initially, Charles Johnson told police that neither Stigars nor Wisher were involved in the drug sale and had only been along for a ride. Later, however, Charles Johnson recanted that statement. After pleading guilty and being criminally sentenced, at Wisher's trial he testified for the State that Wisher was his business partner and knew the drugs were in the car.
(5) Wisher's first contention in this appeal is that his conviction should be reversed because the police report contained a false statement in violation of Franks v. Delaware.[4] At trial, Corporal Grotty testified that Wisher stated that the money seized from his pocket was not his. Grotty acknowledged, however, that his police report contained a typographical error, which erroneously stated that Wisher indicated the money seized from his pocket was his. To the extent Wisher argues that this discrepancy requires reversal of his conviction, we find no merit to such an argument. In the first instance, we note that Franks v. Delaware dealt with deliberate falsehoods contained in a probable cause affidavit used to secure an arrest warrant. The ruling in that case simply does not apply to this set of facts. Moreover, the typographical error in Grotty's police report was brought out at trial during Grotty's testimony and was submitted to the jury for its consideration with all of the other evidence. To the extent the jury found no significance to the typographical error, we find no miscarriage of justice.[5]
(6) Wisher next contends that his trial counsel was ineffective for failing to follow the procedures set forth in Supreme Court Rule 26(c) in withdrawing as his counsel on appeal. Wisher's argument, however, misapprehends Rule 26(c). In this case, Wisher's trial counsel had been privately retained. On appeal, counsel moved to withdraw, which this Court permitted. Because of Wisher's indigency and his right to counsel on direct appeal, this Court allowed the public defender to enter an appearance on Wisher's behalf. The public defender representing Wisher filed a brief arguing the merits of Wisher's appeal. The procedures of Rule 26(c) are only applicable when appellate counsel finds there are no meritorious issues to raise on appeal.[6] Such was not the case in Wisher's direct appeal. Accordingly, there is no merit to this claim.
(7) Wisher next contends that the State impermissibly shifted the burden of proof at trial. This argument essentially restates the claim that Wisher raised on direct appeal, namely that the State had failed to sustain its burden of proving that Wisher knew there were drugs in the car. We rejected this claim on appeal, holding that the testimony of Charles Johnson was sufficient to prove Wisher's guilt beyond a reasonable doubt. This postconviction claim, therefore, was procedurally barred.[7] Reconsideration of this insufficiency of the evidence claim was not required simply because the claim was refined or restated.[8]
(8) Wisher's final claim is that his appellate counsel was ineffective for failing raise arguments regarding hearsay evidence and missing evidence. The Superior Court rejected both of these contentions. First, Wisher's contention that appellate counsel failed to raise a hearsay argument does not identify, or even hint at, what alleged hearsay testimony should have been challenged. The Superior Court found no basis to review such a vague claim, and we find no error in this ruling. A defendant asserting an ineffective assistance of counsel claim must set forth and substantiate concrete allegations of error and actual prejudice.[9] Wisher failed to do so. Moreover, Wisher's missing evidence argument simply has no merit. The missing evidence that Wisher alludes to was a scale found on Charles Johnson and cash found in Johnson's apartment. While the State conceded that that evidence had been lost, the evidence was not relevant to the charges against Wisher. There was nothing exculpatory about the evidence so a missing evidence instruction was not required.[10] Accordingly, we find no error in appellate counsel's failure to raise this as an issue on appeal.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] Wisher v. State, 2006 WL 2008774 (Del. July 17, 2006).
[2] Wisher v. State, Del. Super., Crim. ID XXXXXXXXXX, Babiarz, J. (Oct. 22, 2007).
[3] Somerville v. State, 703 A.2d 629, 631 (Del. 1997).
[4] 438 U.S. 387 (1978).
[5] See Del. Super. Ct. Crim. R. 61(i)(5).
[6] See Anders v. California, 386 U.S. 738 (1967).
[7] Del. Super. Ct. Crim. R. 61(i)(4) (2007) (barring any postconviction claims for relief that were previously adjudicated).
[8] Skinner v. State, 607 A.2d 1170, 1172 (Del. 1992).
[9] Younger v. State, 580 A.2d 552, 556 (Del. 1990).
[10] See Lolly v. State, 611 A.2d 956, 960 (Del. 1992) (holding defendant entitled to a missing evidence instruction when State fails to gather or preserve material evidence).