# IN THE SUPREME COURT OF THE STATE OF DELAWARE

RUSSELL STEEDLEY, §
§ No. 157, 2014
Defendant-Below, §
Appellant, § Court Below: Superior Court of
§ the State of Delaware in and for
v. § Kent County
§
STATE OF DELAWARE, §
§
Plaintiff-Below, § Cr. ID No. 90K02266DI
Appellee. §

Submitted: June 9, 2014
Decided: August 20, 2014

Before **STRINE**, Chief Justice, **HOLLAND** and **VALIHURA**, Justices.

### O R D E R

This 20th day of August 2014, upon consideration of the appellant's opening brief and the appellee's motion to affirm under Supreme Court Rule 25(a), it appears to the Court that:

(1) The appellant, Russell Steedley, filed this appeal from the Superior Court's denial of his second motion for postconviction relief and motion for appointment of counsel under Superior Court Criminal Rule 61 ("Rule 61").[1] The appellee, State of Delaware, has moved to affirm the Superior Court judgment on

---

[1] Steedley's second postconviction motion was entitled "Motion for Judicial Review of Criminal Conviction."

the ground that it is manifest on the face of Steedley's opening brief that the appeal is without merit. We agree and affirm.

(2) More than twenty-four years ago, Steedley fatally stabbed his estranged wife after confronting her in the apartment of his friend with whom she had become romantically involved. Steedley also stabbed his friend. At trial, Steedley admitted killing his wife and stabbing his friend but claimed he did so under extreme emotional distress.

(3) A Superior Court jury convicted Steedley of Murder in the First Degree, Attempted Murder in the First Degree, and two counts of Possession of a Deadly Weapon During the Commission of a Felony. Steedley was sentenced to life imprisonment plus thirty years at Level V. On direct appeal, we affirmed Steedley's convictions and sentence.[2] We also affirmed the denial of Steedley's first motion for postconviction relief.[3]

(4) In his first motion for postconviction relief, filed on December 20, 1993, Steedley alleged that he was suffering from "steroid-induced psychosis" at the time of the offense and argued that his trial counsel's failure to pursue a "steroid-induced psychosis" defense was ineffective assistance of counsel. In a thorough report and recommendation dated December 8, 1994, a Superior Court

---

[2] *Steedley v. State*, 1992 WL 276404 (Del. Sept. 21, 1992).

[3] *State v. Steedley*, 1994 WL 750302 (Del. Super. Ct. Dec. 8, 1994), *aff'd sub nom. Steedley v. State*, 1995 WL 622434 (Del. Oct. 5, 1995).

2

Commissioner considered the merit of Steedley's claim for relief and, "after a careful review of the evidence in the record, the trial transcript, and the submissions of the parties," found that "Steedley's counsel was effective and that Steedley has failed to establish what prejudice he may have suffered."[4] The Commissioner then recommended that the postconviction motion be "summarily dismissed."[5] On appeal from the Commissioner's report and recommendation, the Superior Court, after *de novo* review, adopted the Commissioner's report and denied Steedley's motion for postconviction relief.[6] Upon further appeal to this Court, we affirmed the Superior Court's judgment.[7]

(5) In his second motion for postconviction relief and motion for appointment of counsel, filed on February 7, 2013, Steedley argued that, under the United States Supreme Court's 2012 decision in *Martinez v. Ryan*,[8] the Superior Court was required to appoint him counsel and to reevaluate his prior claim of ineffective assistance of counsel. By order dated March 10, 2014, the Superior Court summarily denied Steedley's motions as untimely and repetitive.

(6) When reviewing the denial of postconviction relief, this Court will address any applicable procedural bars before considering the merits of any claim

---

[4] *State v. Steedley*, 1994 WL 750302, at *11 (Del. Super. Ct. Dec. 8, 1994).

[5] *Id.*

[6] *Id.,* at *1.

[7] *Steedley v. State*, 1995 WL 622434 (Del. Oct. 5, 1995).

[8] *Martinez v. Ryan*, ___ U.S. ___, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012).

for relief.[9] In this case, Steedley's second postconviction motion is barred as untimely under Rule 61(i)(1)[10] and repetitive under Rule (i)(2).[11] Steedley's formerly adjudicated claim of ineffective assistance of counsel is barred under Rule 61(i)(4).[12]

(7) On appeal, Steedley argues that, under the United States Supreme Court's 1985 decision in *Ake v. Oklahoma*,[13] reconsideration of his ineffective counsel claim is warranted because his trial counsel's failure to have him evaluated by an "independent psychiatrist" deprived him of a "fair opportunity to present his [steroid-induced psychosis] defense."[14] The argument is without merit.

(8) Steedley is not entitled to have a court reexamine his ineffective assistance of counsel claim "simply because the claim is refined or restated."[15] In this case, the Superior Court denied Steedley's ineffective counsel claim, which was based on trial counsel's failure to pursue a "steroid-induced psychosis"

---

[9] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[10] *See* Del. Super. Ct. Crim. R. 61(i)(1) (barring motion filed more than three years after judgment of conviction is final) (amended 2005 to reduce filing period to one year).

[11] *See id.* 61(i)(2) (barring any ground for relief not asserted in a prior postconviction proceeding as required by R. 61(b)(2)).

[12] *See id.* 61(i)(4) (barring formerly adjudicated claim).

[13] *See Ake v. Oklahoma*, 470 U.S. 68, 74 (1985) (holding that when a defendant has made a preliminary showing that his sanity at the time of the offense is likely to be a significant factor at trial, due process requires that a state provide access to a psychiatrist's assistance on this issue, if a defendant cannot otherwise afford one).

[14] *Id.* at 76.

[15] *Skinner v. State*, 607 A.2d 1170, 1172 (Del. 1992) (quoting *Riley v. State*, 585 A.2d 719, 721 (Del. 1990)).

defense, when considering Steedley's first postconviction motion,[16] and on appeal, we affirmed.[17] On appeal from the denial of his second postconviction motion, Steedley has not demonstrated that reconsideration of the claim is warranted under the narrow "in the interest of justice" exception found under Rule 61(i)(4).[18]

(9)     In his opening brief on appeal, Steedley argues that the Superior Court abused its discretion when it failed to "adjudicate [his motion for appointment of counsel] in accordance with" Rule 61(e)(1). The argument is without merit. Rule 61(e)(1) provides that, in a second or subsequent motion for postconviction relief, the court will appoint counsel "only in the exercise of discretion and for good cause shown, but not otherwise."[19] In this case, Steedley has not demonstrated, and the record does not reflect, good cause for the appointment of counsel to pursue an untimely second postconviction motion raising a formerly adjudicated claim.

(10)    Steedley also argues that the Superior Court abused its discretion when it failed to address whether his second postconviction motion "met the substantive claim standard" in *Martinez v. Ryan*. The argument is without merit.

---

[16] *State v. Steedley*, 1994 WL 750302, at *8 (Del. Super. Ct. Dec. 8, 1994).

[17] *Steedley v. State*, 1995 WL 622434 (Del. Oct. 5, 1995).

[18] *See* Del. Super. Ct. Crim. R. 61(i)(4) (providing that a formerly adjudicated claim may be reconsidered in the interest of justice). *See Lindsey v. State*, 2014 WL 98645, at *3 (Del. Jan. 9, 2014) (quoting *Weedon v. State*, 750 A.2d 521, 527-28 (Del. 2000)).

[19] Del. Super. Ct. Crim. R. 61(e)(1).

The *Martinez* decision, which permits a federal court to review a "substantial" ineffective assistance of counsel claim on federal habeas review,[20] has no apparent application in this case.[21] Under the circumstances, we conclude that, the Superior Court's denial of Steedley's second postconviction motion without expressly addressing *Martinez v. Ryan* was not an abuse of discretion.

NOW, THEREFORE, IT IS ORDERED, that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[20] *Martinez v. Ryan*, ___ U.S. ___, 132 S.Ct. 1309, 1318-19 (2012).

[21] *Accord Walls v. State*, 2013 WL 4505818 (Del. Aug. 20, 2013); *Morrissey v. State*, 2013 WL 2722142 (Del. June 11, 2013).