IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAY M. RINGGOLD, | § | |
| | § | No. 163, 2014 |
| Defendant Below, | § | |
| Appellant, | § | Court Below:  Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for New Castle County |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | Cr. ID No. 1006015765 |
| Appellee. | § | |

Submitted:  July 25, 2014
Decided:     October 17, 2014

Before **HOLLAND, RIDGELY** and **VALIHURA**, Justices.

**O R D E R**

This 17th day of October 2014, it appears to the Court that:

(1)    The appellant, Jay M. Ringgold, has appealed the Superior Court's denial of his first motion for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61").  After careful consideration of the parties' briefs on appeal and the Superior Court record, the Court has concluded that the denial of postconviction relief should be affirmed.

(2)    The record reflects that, in June 2010, as part of a narcotics investigation that relied in part on information obtained from a confidential informant, police executed a search warrant at 2913 N. Washington Street in Wilmington, Delaware.  Police seized a 9 mm semi-automatic handgun and

holster from a storage box in the basement of the residence. Also in the storage box were identifying documents belonging to Ringgold.

(3) Ringgold was indicted on one count of Possession of a Deadly Weapon by a Person Prohibited (hereinafter "PDWBPP") and was convicted of that offense at a bench trial on March 9, 2011. At sentencing on June 3, 2011, the Superior Court declared Ringgold a habitual offender and sentenced him to eight years, minimum mandatory, at Level V. On direct appeal, we affirmed the conviction and sentence under Supreme Court Rule 26(c) ("Rule 26(c)").[1]

(4) On direct appeal, Ringgold raised several points in response to his appellate counsel's Rule 26(c) submission, including that he was denied the right to a speedy trial, the State withheld exculpatory evidence, and he was convicted on the basis of insufficient evidence. We rejected those points as without merit.[2]

(5) Ringgold also claimed that the evidence seized during the search should have been suppressed (hereinafter "suppression claim"), and that he was denied the right to confront the confidential informant (hereinafter "confrontation claim"). We declined to consider those claims,

---

[1] Del. Supr. Ct. R. 26(c) (governing criminal appeals without merit).

[2] *Ringgold v. State*, 2012 WL 983199 (Del. Mar. 20, 2012).

however, after determining that they were intertwined with an ineffective assistance of trial counsel claim (hereinafter "ineffective counsel claim") that was not reviewable on direct appeal.[3]

(6) On July 30, 2012, Ringgold filed a *pro se* motion for postconviction relief and amendments to that motion (collectively "the postconviction motion"). Ringgold also filed a motion for appointment of counsel. The postconviction motion raised the claims that were raised but not considered on Ringgold's direct appeal, namely, the ineffective counsel claim, the suppression claim, and the confrontation claim, as well as other grounds for relief, including that Ringgold was coerced into waiving a jury trial (hereinafter "coercion claim"), was denied the right to plead guilty (hereinafter "guilty plea claim"), was sentenced illegally, and related ineffective counsel claims.

(7) At the direction of a Superior Court Commissioner, the State filed a response to the postconviction motion, and Ringgold's trial counsel filed an affidavit in response to the claims of ineffective assistance of counsel. After receipt of those submissions, the Commissioner appointed counsel to assist Ringgold (hereinafter "Counsel") and directed Counsel to file a supplement or an amendment to the postconviction motion. Later,

---

[3] *Id.*, at *2.

when Counsel requested an extension of time to fully investigate and determine if there was any merit to the postconviction motion, the Commissioner granted the extension and directed that Counsel file an amended postconviction motion or, in the alternative, a motion to withdraw under Rule 61(e)(2).[4]

(8)     On November 1, 2013, Counsel filed a Rule 61(e)(2) motion to withdraw and supporting memorandum, representing that he had carefully reviewed the record and determined that the postconviction motion was without merit, and that the record did not suggest any other grounds for relief.[5]   In response to Counsel's motion to withdraw and memorandum, Ringgold expressed dismay at the "unfortunate turn of events" and requested an evidentiary hearing.

(9)     On February 10, 2014, the Commissioner issued a report denying the request for an evidentiary hearing and recommending that the motion to withdraw should be granted and the postconviction motion should be denied.[6]   The Commissioner further represented that, after making her own conscientious examination of the record and the law for any other claims that could arguably support a postconviction motion, she had

---

[4] Del. Super. Ct. Crim. R. 61(e)(2).

[5] *Id.*

[6] *State v. Ringgold*, 2014 WL 605849 (Del. Super. Comm'r Feb. 10, 2014).

4

concluded that the record did not support any other claim for relief.[7]   By order dated March 17, 2014, the Superior Court adopted the Commissioner's report and recommendation, granted Counsel's motion to withdraw, and denied the postconviction motion.[8]  This appeal followed.

(10)  Typically, the Superior Court and this Court address the procedural requirements of Rule 61 before considering the merits of a postconviction motion.[9]  In this case, the Superior Court determined that Ringgold's claims of insufficient evidence, speedy trial, and exculpatory evidence, were raised and rejected on direct appeal and should be procedurally barred as formerly adjudicated under Rule 61(i)(4).[10]   On appeal, we agree with the Superior Court and further determine that reconsideration of the formerly adjudicated claims is not warranted in the interest of justice.[11] Having carefully considered the parties' positions on appeal, we further conclude that the suppression claim, the confrontation claim, the coercion claim, the guilty plea claim, and the related ineffective

---

[7] *Id.*

[8] *State v. Ringgold*, 2014 WL 1087160 (Del. Super. Mar. 17, 2014).

[9] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[10] *See* Del. Super. Ct. R. 61(i)(4) (barring a formerly adjudicated claim).

[11] *Id.* (providing that a formerly adjudicated claim may be considered "in the interest of justice"). "[A] defendant is not entitled to have a court re-examine an issue that has been previously resolved "simply because the claim is refined or restated.'" *Skinner v. State,* 607 A.2d 1170, 1172 (Del.1992) (quoting *Riley v. State,* 585 A.2d 719, 721 (Del.1990)).

counsel claims, are without merit for the reasons provided in the Commissioner's report as adopted by the Superior Court.[12]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Randy J. Holland*
Justice

---

[12] *See State v. Ringgold*, 2014 WL 1087160 (Del. Super. Mar. 17, 2014), *adopting* 2014 WL 605849 (Del. Super. Comm'r Feb. 10, 2014). We did not consider Ringgold's illegal sentence claim, which was not addressed in his briefs on appeal. *Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993) (holding that "[t]he failure to raise a legal issue in the text of the opening brief generally constitutes a waiver of that claim on appeal.").