Robert E. **SKINNER**, Defendant Below, Appellant,

v.

**STATE** of Delaware, Plaintiff Below, Appellee.

Supreme Court of Delaware.

Submitted: April 28, 1992.
Decided: May 11, 1992.
Rehearing Denied June 19, 1992.

Joseph M. Bernstein, Wilmington, for appellant.

Richard E. Fairbanks, Jr. of Dept. of Justice, Wilmington, for appellee.

Before MOORE, WALSH, and HOLLAND, JJ.

HOLLAND, Justice:

In January 1986, following a jury trial in the Superior Court, the defendant-appellant, Robert E. Skinner ("Skinner"), was convicted of Kidnapping in the First Degree and Assault in the Third Degree. Skinner was acquitted of the charge of Attempted Rape. Skinner's convictions were affirmed by this Court. *Skinner v. State*, Del.Supr., 571 A.2d 788 (1990).

On June 19, 1991, Skinner filed a motion for postconviction relief in the Superior Court. *See* Super.Ct.Crim.R. 61. In his Rule 61 motion, Skinner's sole claim was that his trial counsel was ineffective, for failing to request the trial court to specifi-

cally instruct the jury on the element of "restraint," as defined by this Court in *Burton v. State*, Del.Supr., 426 A.2d 829 (1981). The Superior Court summarily denied Skinner's motion, on the grounds that this Court's decision in Skinner's direct appeal effectively barred postconviction relief, under the former adjudication provision of Rule 61(i)(4).[1] This appeal follows that determination.

■ In this appeal, Skinner contends that the Superior Court erred when it summarily denied his Rule 61 motion, because his ineffective assistance of counsel claim had not been previously raised or ruled upon by this Court. The State acknowledges that Skinner's claim of ineffective assistance of counsel was not and could not have been considered by this Court in Skinner's direct appeal. *See Duross v. State*, Del.Supr., 494 A.2d 1265 (1985). The State argues, nevertheless, that summary denial of Skinner's Rule 61 motion was appropriate, because this Court's rejection of Skinner's substantive claims on direct appeal precludes Skinner from establishing prejudice in his present postconviction claim of ineffective assistance of counsel, as required by *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We have concluded that the State's position is well taken.

### Direct Appeal

In his direct appeal, Skinner raised two issues which related to the subject of "restraint." First, Skinner contended that the State presented insufficient evidence of substantial interference with the victim's liberty, greater than the restraint incident to the offense of attempted rape, to sustain his conviction for kidnapping. Skinner also contended that the Superior Court failed to properly instruct the jury on the additional independent level of restraint, which the State was required to prove, to properly convict him of kidnapping. This Court

---

1. This subsection provides:

 (4) **Former Adjudication.** Any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred, unless reconsideration of the claim is warranted in the interest of justice.
 Super.Ct.Crim.R. 61(i)(4).

found no merit in either of Skinner's contentions. *See Skinner v. State,* Del.Supr., 571 A.2d 788 (1990) (ORDER).

During Skinner's direct appeal, in addressing Skinner's contention that the trial court had failed to properly instruct the jury on the element of "restraint" for the kidnapping charge, this Court held that "no specific jury instruction [on the element of restraint] was required" because the State's evidence was sufficient to support the jury's finding that Skinner had substantially interfered with the victim's liberty. *Skinner v. State,* 571 A.2d 788 (table) No. 54, 1988, slip op. at 5 (quoting *Coleman v. State,* Del.Supr., 562 A.2d 1171, 1179 (1989)). Consequently, this Court concluded that the trial court's failure to give a specific instruction, on the subject of restraint, did not constitute plain error:

> (7) The issue of the adequacy of the jury instruction on the element of restraint for the kidnapping charge is controlled by *Scott v. State,* Del.Supr., 521 A.2d 235 (1987) and *Burton* and not by *Weber v. State,* Del.Supr., 547 A.2d 948 (1988). "[T]he jury instruction in kidnapping cases which was made mandatory in *Weber* operates *prospectively* only. Cases … which were tried preceding *Weber,* must be reviewed according to the plain error standard which was applied by this Court in *Burton v. State* and *Scott v. State.*" *Coleman v. State,* Del.Supr., 562 A.2d 1171, 1179 (1989) (citations and footnote omitted).
>
> (8) Applying the *Burton* and *Scott* standard to defendant Skinner's conduct, we find that the defendant's degree of restraint incident to kidnapping was clearly sufficient to support the jury's finding of his " 'substantial' interference with the victim's liberty. Therefore … no specific jury instruction was required." *Coleman v. State,* 562 A.2d at 1179 (citing *Burton v. State,* 426 A.2d at 835).
>
> (9) *Scott*'s requirement of the giving of a specific instruction requiring a jury to find more interference than is ordinarily incident to the underlying crime has no application to the facts of this case. Here the record clearly supports a finding of defendant's "substantial restraint"

of victim. Under these circumstances, the trial court's failure to give a special instruction does not constitute plain error. We are satisfied that in the absence of this instruction the jury was able to fairly perform its duty in its deliberation of the kidnapping charge.

*Skinner v. State,* 571 A.2d 788 (table) No. 54, 1988, slip op. at 4–5.

### Postconviction Claim

 Skinner's ineffective assistance of counsel claim, which he first raised in his Rule 61 motion for postconviction relief and which he raises in this appeal, is a refinement of the jury instruction issue regarding "restraint," which was rejected by this Court in Skinner's direct appeal. However, a defendant is not entitled to have a court re-examine an issue that has been previously resolved "simply because the claim is refined or restated." *Riley v. State,* Del.Supr., 585 A.2d 719, 721 (1990). As this Court has previously stated, "Neither federal nor state courts are required to relitigate in postconviction proceedings those claims which have been previously resolved." *Younger v. State,* Del.Supr., 580 A.2d 552, 556 (1990) (citing *Kuhlmann v. Wilson,* 477 U.S. 436, 445–55, 106 S.Ct. 2616, 2622–28, 91 L.Ed.2d 364 (1986); *Sanders v. United States,* 373 U.S. 1, 7–22, 83 S.Ct. 1068, 1072–81, 10 L.Ed.2d 148 (1963)).

Although this Court has not previously addressed Skinner's ineffectiveness of counsel claim, *per se,* our disposition of Skinner's challenge to the absence of a specific jury instruction on the issue of "restraint" in his direct appeal was, in fact, a substantive resolution of Skinner's present ineffectiveness of counsel claim. In *Strickland,* the United States Supreme Court held that in order to prevail on a claim of ineffective assistance of trial counsel, a defendant in a postconviction proceeding must demonstrate that trial counsel's representation fell below "an objective standard of reasonableness," and that counsel's actions were prejudicial, i.e., there is a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different. *Strickland v. Washington,* 466 U.S. at 690,

694, 104 S.Ct. at 2066, 2068. *See also Flamer v. State*, Del.Supr., 585 A.2d 736, 753 (1990); *Robinson v. State*, Del.Supr., 562 A.2d 1184, 1185 (1989); *Albury v. State*, Del.Supr., 551 A.2d 53, 58 (1988); *Stevenson v. State*, Del.Supr., 469 A.2d 797, 799 (1983). Therefore, in his Rule 61 motion for postconviction relief before the Superior Court, Skinner was required to allege and establish the objective unreasonableness of his counsel's conduct and the prejudice resulting to him from that conduct. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The Superior Court properly decided that this Court's holding in Skinner's direct appeal, that a specific jury instruction on the issue of restraint was not required, would preclude Skinner from establishing that he was prejudiced by his attorney's failure to request such an instruction.[2] Consequently, the Superior Court's summary denial of Skinner's postconviction motion, pursuant to Superior Court Criminal Rule 61(i)(4), was entirely correct.

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court, denying Skinner's motion for postconviction relief, is AFFIRMED.

---

**2.** Because this Court has concluded that the Superior Court properly decided that Skinner is unable to establish prejudice, we need not address the issue of whether Skinner's trial counsel's performance was objectively unreasonable. *See Flamer v. State*, 585 A.2d at 755. However, we note that the decision of Skinner's trial attorney not to ask for a specific "restraint" instruction to be given to the jury was consistent with the law existing at the time of Skinner's trial. *Id.*

