IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WILLIAM R. TRICE, | § | |
| | § | No. 295, 2013 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court of |
| | § | the State of Delaware in and for |
| v. | § | Sussex County |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | Cr. ID No. 1011016705 |
| Appellee. | § | |

Submitted: May 2, 2014
Decided: July 9, 2014

Before **STRINE,** Chief Justice, **BERGER** and **RIDGELY,** Justices.

### O R D E R

This 9th day of July 2014, upon consideration of the briefs of the parties and the record on appeal, it appears to the Court that:

(1)     This appeal is from the Superior Court's denial of the appellant's second motion for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61").  We find no merit to the appeal and affirm the Superior Court's judgment.

(2)     The Superior Court record reflects that, at his final case review on August 3, 2011, the appellant, William R. Trice ("Trice"), entered no contest pleas to one count each of Rape in the Third Degree, Strangulation, and Witness Tampering.  Trice was immediately sentenced to a total of thirty-five years at

Level V, suspended after eight years and successful completion of the Family Problems Program, for one year at Level IV, followed by ten years of Level III probation. In 2012, on direct appeal, we affirmed Trice's convictions.[1] In 2013, we affirmed the denial of Trice's first motion for postconviction relief.[2]

(3) Trice's first postconviction motion included a claim that his guilty plea was involuntary because he was induced to plead guilty by the prosecutor. In his second postconviction motion, Trice again challenged his guilty plea on the basis that the plea violated his due process rights and Superior Court Criminal Rule 11(d).[3] Trice also claimed that the Superior Court's "publication" of a sentence order on May 12, 2011, three months prior to Trice's actual sentencing on August 3, 2011, proved that he was sentenced by a judge with a "closed mind." Trice based his sentencing claim on a May 12, 2011 entry in his Superior Court case docket stating that a "copy of [a] sentence order [was] requested and sent."

(4) By order dated May 7, 2013, the Superior Court denied Trice's second motion for postconviction relief as procedurally barred under Rule 61(i)(1), (2), and (3). On the sentencing claim, the Superior Court found that the May 12, 2011 docket entry stating that a "sentence order" was "requested and sent" was an apparent anomaly that "involves not this case but another case," and that the

---

[1] *Trice v. State*, 2012 WL 396050 (Del. Feb. 7, 2012).

[2] *Trice v. State*, 2013 WL 842517 (Del. March 5, 2013).

[3] *See* Del. Super. Ct. Crim. R. 11(d) (governing guilty plea colloquy).

2

sentence Trice is serving was entered for the first time on August 3, 2011, the day he pled guilty."

(5)     When reviewing a Superior Court denial of postconviction relief, this Court will address any applicable procedural bars before considering the merits of any claim for relief.[4]  In this case, having considered the Rule 61(i) procedural bars, the Court has determined, as did the Superior Court, that Trice's second postconviction motion is barred as untimely under Rule 61(i)(1)[5] and repetitive under Rule 61(i)(2).[6]  Also, to the extent Trice raises a claim that he could have raised on direct appeal and did not, *i.e.*, the sentencing claim, his motion is barred as procedurally defaulted under Rule 61(i)(3).[7]  Furthermore, although not applied by the Superior Court, we conclude that Trice's renewed guilty plea claim is barred as formerly adjudicated under Rule 61(i)(4).[8]  "[A] defendant is not entitled to have a court re-examine an issue that has been previously resolved 'simply because the claim is refined or restated.'"[9]  On appeal, Trice has not established that his second

---

[4] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[5] *See* Del. Super. Ct. Crim. R. 61(i)(1) (barring motion filed more than one year after judgment is final).

[6] *See id.* 61(i)(2) (barring "[a]ny ground for relief that was not asserted in a prior postconviction proceeding").

[7] *See id.* 61(i)(3) (barring a claim not previously raised absent cause for relief from the procedural default and prejudice).

[8] *See id.* 61(i)(4) (barring formerly adjudicated claim).

[9] *Skinner v. State*, 607 A.2d 1170, 1172 (Del. 1992) (quoting *Riley v. State*, 585 A.2d 719, 721 (Del. 1990)).

3

postconviction motion involves a colorable claim of a manifest injustice because of a constitutional violation[10] or a newly-recognized retroactively applicable right.[11] Nor has he shown any indication that consideration of his second postconviction motion or his formerly adjudicated claim is warranted in the interest of justice.[12]

NOW, THEREFRORE, IT IS ORDERED, that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Henry duPont Ridgely
Justice

---

[10] *See id.* 61(i)(5) (providing that the procedural bars of (i)(1), (2), and (3) shall not apply to a colorable claim that there was a miscarriage of justice because of a constitutional violation).

[11] *See id.* 61(i)(1) (providing that an untimely motion may be considered when the movant asserts a newly recognized retroactively applicable right).

[12] *See id.* 61(i)(2), (4) (barring repetitive motion and formerly adjudicated claim unless consideration is warranted in the interest of justice).