IN THE SUPREME COURT OF THE STATE OF DELAWARE

MICHAEL A. BROWN, §
§ No. 223, 2014
Defendant-Below, §
Appellant, § Court Below: Superior Court of
§ the State of Delaware in and for
v. § New Castle County
§
STATE OF DELAWARE, §
§
Plaintiff-Below, § Cr. ID No. 0412008486
Appellee. §

Submitted: June 25, 2014
Decided: August 28, 2014

Before **STRINE**, Chief Justice, **HOLLAND** and **VALIHURA**, Justices.

## O R D E R

This 28th day of August 2014, upon consideration of the appellant's opening brief and the appellee's motion to affirm, it appears to the Court that:

(1) The appellant, Michael A. Brown, filed this appeal from the denials of his fourth motion for postconviction relief and motion for appointment of counsel under Superior Court Criminal Rule 61 ("Rule 61"). Brown also appeals the Superior Court's denial of his motion for transcripts at State expense. The appellee, State of Delaware, has moved to affirm the Superior Court judgments on

the ground that it is manifest on the face of Brown's opening brief that the appeal is without merit.[1] We agree and affirm.

(2) In 2005, Brown was indicted on numerous counts of Robbery in the First Degree, Attempted Robbery in the First Degree, Wearing a Disguise During the Commission of a Felony, and Possession of a Firearm During the Commission of a Felony. Brown was tried before a jury in 2006. At the close of the State's case-in-chief, Brown's trial counsel moved to dismiss five counts in the indictment, arguing that the State had not presented sufficient evidence to sustain a conviction on those counts. The Superior Court denied the motion to dismiss. At the end of the eight-day trial, the jury convicted Brown of most of the offenses charged in the indictment, including multiple counts of Robbery in the First Degree, Attempted Robbery in the First Degree, Wearing a Disguise During the Commission of a Felony, and Possession of a Firearm During the Commission of a Felony.

(3) On direct appeal, Brown argued, without success, that the prosecutor committed misconduct when delivering the State's closing statement. We concluded that the argument was without merit and affirmed the Superior Court judgment.[2] In his first motion for postconviction relief, Brown reargued the

---

[1] Del. Supt. Ct. R. 25(a).

[2] *Brown v. State*, 2007 WL 2399227 (Del. Aug. 22, 2007).

prosecutorial misconduct claim as an ineffective counsel claim, asserting that his trial counsel's failure to object to the prosecutor's closing statement was ineffective representation. Also, Brown argued that his trial counsel was ineffective for failing to move to dismiss the indictment on the basis of insufficient evidence. When denying the motion, the Superior Court ruled that both aspects of Brown's ineffective assistance of counsel claim were procedurally barred and that the underlying claim of insufficient evidence was without merit. The court found that:

> The undisputed record contradicts Brown's claim that there was no direct or circumstantial evidence linking him to the crimes for which he was convicted. At trial, there was testimony from the victims of the robberies, surveillance tapes, testimony from the police, and evidence from a search of his person and home, all of which demonstrated that he was the perpetrator of the crimes. The Court thus finds that the jury had more than sufficient evidence to convict Brown.[3]

Brown did not appeal the Superior Court's denial of his first postconviction motion.

(4) In his second motion for postconviction relief, Brown asserted ineffective assistance of counsel based on his trial counsel's failure to present an alibi defense and to move to suppress illegally seized evidence. Brown's second postconviction motion was referred to a Superior Court Commissioner who issued

---

[3] *State v. Brown*, 2008 WL 555921, at *2 (Del. Super. Ct. Feb. 28, 2008).

a report recommending that the motion should be summarily dismissed as procedurally barred. The Commissioner found that the alibi defense claim was "substantially no differen[t]" from the insufficient evidence claim raised in the first postconviction motion, and that Brown should have raised "all that he believed was wrong with his counsel's representation" in his first postconviction motion.[4] The Superior Court adopted the Commissioner's report and recommendation and denied the motion.[5] Brown did not appeal from that decision.

(5) In his third motion for postconviction relief, Brown again asserted ineffective assistance of counsel, alleging that his trial counsel was ineffective when he failed to investigate and interview prospective witnesses, when he advised Brown to reject a plea, and when he forced Brown to take the stand and "commit perjury." Brown asserted that any procedural bars to the ineffective counsel claim should be excused under the United States Supreme Court's 2012 decision in *Lafler v. Cooper*.[6]

(6) Brown's third postconviction motion was referred to a Commissioner who issued a report recommending that the motion should be summarily dismissed

---

[4] *State v. Brown*, Cr. ID No. 0412008486, at 124 (Del. Super. Comm'r Feb. 6, 2009).

[5] *Id.*, at 128 (Del. Super. Ct. Aug. 1, 2011).

[6] *See Lafler v. Cooper*, ___ U.S. ___, 132 S.Ct. 1376 (2012) (addressing a defense counsel's duty to communicate a plea offer effectively).

as procedurally barred.[7] The Commissioner found that the *Lafler* decision was inapposite to Brown's case and did not excuse the applicable procedural bars. After that, Brown filed a motion for appointment of counsel, which the Superior Court denied. The court found that:

> Brown has not shown good cause why the Court should appoint counsel on his behalf. As the voluminous record indicates, Mr. Brown has had ample opportunity to raise any claims he may have had regarding his convictions and sentences. Moreover, although he may be unskilled at law, Mr. Brown has filed numerous *pro se* motions, including three Superior Court Rule 61 motions. In those motions, Mr. Brown has discussed federal and state case law and has been able to assert and prosecute varying bases for relief without counsel.[8]

By order filed on July 19, 2013, the Superior Court, after considering Brown's objections and reviewing the matter *de novo*, adopted the Commissioner's report and recommendation and denied the motion.[9] Brown's appeal from the denial of his third postconviction motion was dismissed as untimely filed.[10]

(7)     In his fourth motion for postconviction relief, the denial of which forms the basis of this appeal, Brown asserted several grounds for relief based on ineffective assistance of counsel and insufficient evidence. Brown also filed a motion for appointment of counsel. By separate orders filed on April 14, 2014, the

---

[7] *State v. Brown*, Cr. ID No. 0412008486, at 136 (Del. Super. Comm'r Mar. 5, 2013).

[8] *State v. Brown*, 2013 WL 1182219 (Del. Super. Ct. Mar. 15, 2013).

[9] *State v. Brown*, Cr. ID No. 0412008486, at 145 (Del. Super. Ct. July 19, 2013).

[10] *Brown v. State*, 2013 WL 6389742 (Del. Dec. 4, 2013).

Superior Court denied the postconviction motion as procedurally barred and the motion for appointment of counsel as without merit.[11]

(8)     On appeal, Brown argues that the Superior Court abused its discretion when it barred his ineffective assistance of counsel claim "without first utilizing the *Strickland* test."[12]   The claim is without merit.   Because Brown's original ineffective assistance of counsel claim was based on underlying claims of prosecutorial misconduct and insufficient evidence that were previously considered and found to be without merit, the court's analysis of the ineffective counsel claim under the Rule 61 procedural bars rather than *Strickland* was "entirely correct."[13] Brown "is not entitled to have a court re-examine an issue that has been previously resolved 'simply because the claim is refined or restated.'"[14]

(9)     To the extent Brown argues that the Superior Court abused its discretion when it denied his motion for appointment of counsel and motion for transcripts at State expense, his arguments are without merit.   The rule in effect in January 2014, when Brown filed his fourth postconviction motion, provided that,

[11] *State v. Brown*, Cr. ID No. 0412008486, at 152-53 (Del. Super. Ct. April 14, 2014).

[12] The *Strickland* test was developed by the United States Supreme Court to determine ineffective assistance of counsel.   Under *Strickland,* a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).

[13] *Skinner v. State*, 607 A.2d 1170, 1173 (Del. May 11, 1992) (concluding that a prior disposition of an issue on direct appeal "was, in fact, a substantive resolution of . . . [the] present ineffectiveness of counsel claim").

[14] *Id.* at 1172 (quoting *Riley v. State*, 585 A.2d 719, 721 (Del. 1990)).

in a second or subsequent motion for postconviction relief, the court will appoint counsel "only in the exercise of discretion and for good cause shown, but not otherwise."[15] Similarly, in the absence of a showing of good cause, a defendant does not have a right to free transcripts to pursue postconviction relief.[16] In this appeal from the denial of an untimely fourth postconviction motion raising formerly adjudicated claims, Brown has not demonstrated, and the record does not reflect, good cause for the appointment of counsel or for transcripts at State expense.

(10) When reviewing the denial of postconviction relief, this Court will address any applicable procedural bars before considering the merits of any claim for relief.[17] In this case, Brown's fourth postconviction motion is barred as untimely under Rule 61(i)(1)[18] and repetitive under Rule 61(i)(2).[19] Brown's claims of ineffective assistance of counsel and insufficient evidence are barred as formerly adjudicated under Rule 61(i)(4).[20] On appeal, Brown has not demonstrated that reconsideration of any of the formerly adjudicated claims is

---

[15] Del. Super. Ct. Crim. R. 61(e)(1) (2013).

[16] *Miller v. State*, 2008 WL 623236 (Del. Mar. 7, 2008) (citing *United States v. MacCollum*, 426 U.S. 317, 325-26 (1976)).

[17] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[18] *See* Del. Super. Ct. Crim. R. 61(i)(1) (barring motion filed more than one year after judgment of conviction is final).

[19] *See id.* at (i)(2) (barring any ground for relief not asserted in a prior postconviction proceeding as required by R. 61(b)(2)).

[20] *See id.* at (i)(4) (barring formerly adjudicated claim).

7

warranted under the narrow "in the interest of justice" exception found under Rule 61(i)(4).[21] Nor has Brown demonstrated that the claims warrant review under Rule 61(i)(5) because of a constitutional violation so substantial that is constitutes a "miscarriage of justice" undermining the "fundamental legality . . . or fairness of the proceedings"[22] or under Rule 61(i)(1) because of a newly recognized retroactively applicable right.[23]

(11)   Finally, we note the obvious.  This is Brown's fourth Rule 61 petition. On appeal from the denial of the motion, we have invested considerable time detailing our reasons why we conclude that the Superior Court properly found that Brown's claims do not present grounds for relief from his judgment of convictions. In the future, if Brown files additional petitions, we do not intend to continue to invest scarce judicial resources in addressing his repetitive claims.  We also encourage Brown to be mindful of subsection (j) of Rule 61.[24]

---

[21] *See id.* (providing that a formerly adjudicated claim may be reconsidered in the interest of justice).  *See Lindsey v. State*, 2014 WL 98645, at *3 (Del. Jan. 9, 2014) (quoting *Weedon v. State*, 750 A.2d 521, 527-28 (Del. 2000)).

[22] *See id.* at (i)(5) (providing that the procedural bars of (i)(1), (2) and (3) shall not apply "to a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction").

[23] *See id.* at (i)(1) (providing that an untimely motion may be considered when it asserts a newly recognized retroactively applicable right).

[24] *See* Del. Super. Ct. Crim. R. 61(j) ("If a motion is denied, the state may move for an order requiring the movant to reimburse the state for costs and expenses paid for the movant from public funds.").

NOW, THEREFORE, IT IS ORDERED, that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Leo E. Strine, Jr.

Chief Justice