IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ELWOOD M. HUNTER, | § | |
| | § | No. 355, 2014 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court of |
| | § | the State of Delaware in and for |
| v. | § | New Castle County |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | Cr. ID No. 0608007491 |
| Appellee. | § | |

Submitted: August 14, 2014
Decided: November 7, 2014

Before **HOLLAND**, **RIDGELY** and **VALIHURA**, Justices.

## ORDER

This 7th day of November 2014, upon consideration of the appellant's opening brief and the appellee's motion to affirm under Supreme Court Rule 25(a), it appears to the Court that:

(1) The appellant, Elwood M. Hunter, filed this appeal from the Superior Court's denial of his second motion for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61"). The appellee, State of Delaware, has moved to affirm the Superior Court judgment on the ground that it is manifest on the face of Hunter's opening brief that the appeal is without merit. We agree and affirm.

(2) The record reflects that, on August 8, 2006, Wilmington police set up surveillance near 6th and Harrison Streets in Wilmington, Delaware, after receiving a tip from a confidential informant that a black male in a burgundy Ford Escape with North Carolina tags would be delivering heroin in the area later that night. At around 10:00 p.m., the police observed a vehicle matching the informant's description pull onto 6th Street and park. After waiting a few minutes, the police stopped the vehicle and a detective conducted a pat-down search of the driver, who was later identified as Hunter. During the search, the detective felt an object in Hunter's front pants pocket and removed it after recognizing that it felt like contraband. The object was a small plastic bag containing four bundles of heroin.

(3) Hunter was indicted on six drug and drug-related charges. Prior to trial, Hunter moved to suppress the evidence on the basis that the police had stopped his vehicle and seized him without reasonable suspicion and then conducted a pat-down search that exceeded the scope of what was allowed under *Terry v. Ohio*.[1] The Superior Court held an evidentiary hearing on the motion to suppress. At the conclusion of the hearing, the Superior Court denied the motion, determining that, under the totality of the

---

[1] *Terry v. Ohio*, 392 U.S. 1 (1968). A *Terry* frisk is a limited pat-down of a detainee's outer clothing during a non-custodial, investigatory detention. Its purpose is not to discover evidence, but rather to search for weapons that may be used to harm police officers or bystanders. *Terry*, 392 U.S. at 29.

circumstances, the police had a reasonable and articulable suspicion to stop and search Hunter based on his suspected involvement in drug activity.[2]

(4) On February 2, 2007, a Superior Court jury convicted Hunter of Possession with Intent to Deliver Heroin and Maintaining a Vehicle for the Use of Controlled Substances. On May 11, 2007, the Superior Court declared Hunter a habitual offender and sentenced him to life in prison for the drug offense and to eighteen months at Level V for the vehicle offense.

---

[2] The Superior Court ruled from the bench as follows:

> Under the totality of the circumstances test, I'm going to deny the motion to suppress. There was sufficient evidence, particularly the fact that there was a past-proven and reliable informant who identified the defendant, gave him – gave the officer his name, his nickname, location where he would be found, the time and place that he would be found, a tip was corroborated by the officers independently when they went to conduct surveillance of the location. A police officer may conduct a pat-down search of an individual when there's reason to believe that he has committed a crime and that certainly existed in this case, based on the information from the past-proven and reliable informant, that was corroborated by the police and when suspected narcotics are involved. There's reason to assume that he is armed. The contraband was in plain touch. The police officer had sufficient experience to understand what the bundle of heroin feels like and the number of bags that are usually bundled together.
>
> So, under the circumstances, the search was reasonable, and the seizure was reasonable; therefore, the suppression motion is denied.

Hr'g Tr. at 47-48 (Jan. 5, 2007).

(5)    On direct appeal, Hunter argued that the evidence should have been suppressed because the detective exceeded the permissible scope of the "plain touch" doctrine when conducting the pat-down search.[3] The Superior Court had concluded at the suppression hearing, however, that the pat-down did not exceed the scope of the "plain touch" doctrine because the detective conducting the pat-down had sufficient familiarity with the way heroin is packaged to have identified the object in Hunter's pocket as bundles of heroin.    Because that conclusion was supported by the evidence, we concluded that Hunter's argument was without merit and affirmed the Superior Court judgment.[4]

(6)    Hunter filed his first motion for postconviction in March 2009, alleging, among other claims, that his trial counsel provided ineffective representation at the suppression hearing because he did not subpoena surveillance film and police records.    At the direction of a Superior Court Commissioner, the State filed a response to Hunter's postconviction motion, and Hunter's trial counsel filed an affidavit in response to the claims of ineffective assistance of counsel.    By report and recommendation dated

---

[3] Under the "plain touch" doctrine, a police officer may seize contraband detected during a pat-down search if the contraband is apparent from plain touch. *Woody v. State*, 765 A.2d 1257, 1266-67 (Del. 2001) (citing *Minnesota v. Dickerson*, 508 U.S. 366 (1993)).

[4] *Hunter v. State*, 2008 WL 625566 (Del. Mar. 10, 2008).

4

August 3, 2009, the Commissioner considered the merit of Hunter's ineffective counsel claims and concluded that they should be denied.

(7) Hunter did not file objections to the Commissioner's report and recommendation. The Superior Court, after *de novo* review, adopted the Commissioner's report and denied Hunter's first motion for postconviction relief. Hunter's appeal from the Superior Court's order was dismissed as untimely filed.[5]

(8) In his second motion for postconviction relief, filed in February 2014, Hunter again alleged that his trial counsel was ineffective at the suppression hearing, claiming that if counsel had "properly framed the issues" and argued that the police lacked probable cause to stop his vehicle the Superior Court would have excluded the evidence. Hunter's second postconviction motion was referred to a Commissioner. On May 14, 2014, the Commissioner issued a report recommending that the motion should be dismissed as untimely under Rule 61(i)(1) and as formerly adjudicated under Rule 61(i)(4).

(9) Hunter filed objections to the Commissioner's report and recommendation, arguing that his ineffective assistance of counsel claim should be decided on the merits and not procedurally barred. After

---

[5] *Hunter v. State*, 2011 WL 1135129 (Del. Mar. 28, 2011).

5

consideration of Hunter's objections and *de novo* review of the record, the Superior Court adopted the Commissioner's report and recommendation and denied Hunter's second postconviction motion. This appeal followed.

(10) On appeal, Hunter argues that the Superior Court's adoption of the Commissioner's report and recommendation was an abuse of discretion. According to Hunter, reconsideration of his ineffective assistance of counsel claim is warranted because:

> on every level of review thus far, the courts have failed to address and discern and resolve the merits of [his] Fourth Amendment claim that he was illegally stopped by the Wilmington Police Drug Unit, who were absent on both an 'exigent circumstance' or 'warrant' when they committed a **FULL-SCALE** seizure and arrest of him.[6]

(11) We disagree that the courts have failed to address the merits of Hunter's claim that his stop and warrantless search were illegal. To the contrary, those issues were decided at the hearing on Hunter's motion to suppress,[7] the denial of which was affirmed on direct appeal.[8] In this appeal from the denial of his second postconviction motion, Hunter has not demonstrated that reconsideration of the issues is warranted. "[A] defendant is not entitled to have a court re-examine an issue that has been previously

---

[6] Appellant's Opening Brief at 10-11 (emphasis in original).

[7] *See supra* note 1.

[8] *Hunter v. State*, 2008 WL 625566 (Del. Mar. 10, 2008).

resolved 'simply because the claim is refined or restated'"[9] as ineffective assistance of counsel.[10]

NOW, THEREFORE, IT IS ORDERED, that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Randy J. Holland
Justice

---

[9] *Skinner v. State*, 607 A.2d 1170, 1172 (Del. 1992) (quoting *Riley v. State*, 585 A.2d 719, 721 (Del. 1990)).

[10] *See Skinner v. State*, 607 A.2d at 1172 (concluding that a prior disposition of an issue on direct appeal "was, in fact, a substantive resolution of . . . [the] present ineffectiveness of counsel claim").