# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHARLES B. SANDERS, | § | |
| | § | No. 100, 2015 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court of |
| | § | the State of Delaware in and for |
| v. | § | Kent County |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 9312012607 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: March 31, 2015
Decided: June 12, 2015

Before **STRINE**, Chief Justice; **HOLLAND** and **SEITZ**, Justices.

## O R D E R

This 12th day of June 2015, upon consideration of the appellant's opening brief and the appellee's motion to affirm under Supreme Court Rule 25(a), it appears to the Court that:

(1) The appellant, Charles B. Sanders, filed this appeal from the Superior Court's summary dismissal of his fifth and sixth motions for postconviction relief under Superior Court Criminal Rule 61.[1] The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Sanders' opening brief that the appeal is without merit. We agree and affirm.

---

[1] For the most part, Sanders' sixth motion for postconviction relief consolidated and reorganized the claims raised in his fifth motion for postconviction relief and a related motion to amend.

(2) Sanders was convicted and sentenced in 1994 for the robbery, kidnapping and assault of a 76-year-old widow. This Court affirmed his convictions and sentence on direct appeal.[2] Then, between 1996 and 1999, this Court affirmed the Superior Court's judgments denying Sanders' first, second and third motions for postconviction relief under Rule 61 and his first and second motions for new trial under Superior Court Criminal Rule 33.[3] In 2014, the Court affirmed the Superior Court's summary dismissal of Sanders' fourth motion for postconviction relief.[4]

(3) Sanders filed his fifth motion for postconviction relief in October 2014 and his sixth motion for postconviction relief in December 2014. As in his previous postconviction and new trial motions, Sanders' fifth and sixth postconviction motions raised claims related to two photo line-ups shown to the victim before trial and the victim's in-court identification of Sanders at trial. This Court described the circumstances surrounding the photo line-ups and in-court identification in ruling on Sanders' direct appeal:

---

[2] *Sanders v. State*, 1995 WL 264532 (Del. May 1, 1995).

[3] *Sanders v. State*, 1996 WL 209901 (Del. Apr. 24, 1996) (affirming denial of first motion for postconviction relief and motion for new trial); *Sanders v. State*, 1997 WL 70824 (Del. Feb. 10, 1997) (affirming denial of second motion for new trial); *State v. Sanders*, 1997 WL 855719 (Del. Super. Dec. 17, 1997) (denying second motion for postconviction relief), *aff'd*, 1998 WL 138933 (Del. Feb. 27, 1998); *Sanders v. State*, 1999 WL 507240 (Del. June 9, 1999) (affirming denial of third motion for postconviction relief).

[4] *Sanders v. State*, 2014 WL 1878757 (Del. May 7, 2014) (affirming summary dismissal of fourth motion for postconviction relief).

> The first time that [the victim] was asked to identify Sanders was while she was in the hospital, on the day of the assault, receiving treatment for the injuries she sustained. [The victim] did not have her reading glasses at the time and she testified that her vision was blurred. She selected someone other than Sanders from the ten photographs and said that the person she selected looked like her attacker. Approximately three months later, [the victim] again was shown the photographic line-up. This time she was wearing her glasses and she selected Sanders' photograph within two minutes. At trial, about one week later, [the victim] again identified Sanders as the person who had robbed and assaulted her.[5]

In his fifth and sixth motions for postconviction relief, Sanders asserted that his claims about the photo line-up and in-court identification "were not previously raised." The Superior Court disagreed and summarily dismissed both motions on February 24, 2015, ruling that they were procedurally barred under Rule 61. This appeal followed.

(4)   We review the Superior Court's denial of postconviction relief for abuse of discretion and related questions of law *de novo*.[6] In this case, having carefully considered the parties' positions on appeal and the record before the Superior Court, the Court concludes that the Superior Court did not abuse its discretion when it summarily dismissed Sanders' fifth and sixth motions for postconviction relief.

---

[5] *Sanders v. State*, 1995 WL 264532, at ¶ 10 (Del. May 1, 1995)

[6] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

3

(5) Sanders' assertion that the claims raised in his fifth and sixth postconviction motions "were not previously raised" is not supported by the record. His first claim, that the State failed to disclose exculpatory evidence generated from the first photo line-up, was raised in his first and third motions for postconviction relief and was rejected by the Superior Court in decisions that we affirmed.[7] Likewise, Sanders' claim that his right to counsel was violated in connection with the second photo line-up was raised without success in his first and second motions for postconviction relief and his first and second motions for new trial.[8] Finally, Sanders' claim challenging the victim's in-court identification was raised without success on direct appeal and in his third motion for postconviction relief.[9]

---

[7] *Sanders v. State*, 1996 WL 209901, at ¶ 5 (Del. April 24, 1996); *Sanders v. State*, 1999 WL 507240, at ¶ 3 n.3 (Del. June 9, 1999). In his initial postconviction motions, Sanders claimed that the result of the first photo line-up led to a "strong inference of innocence," but because he did not brief that claim on appeal, the claim is waived. *Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993). Moreover, because he did not allege the existence of new evidence of his actual innocence, Sanders' "innocence" claim is procedurally barred under Rule 61(d)(2). *See* Del. Super. Crim. R. 61(d)(2)(i) (2014) (providing that a subsequent postconviction motion will be summarily dismissed unless the movant was convicted after a trial and the motion "pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact").

[8] *Sanders v. State*, 1996 WL 209901, at ¶ 7 (Del. April 24, 1996); *Sanders v. State*, 1997 WL 70824, at ¶ 3 (Del. Feb. 10, 1997); *State v. Sanders*, 1997 WL 855719, at *3 (Del. Super. Dec. 17, 1997), *aff'd*, 1998 WL 138933 (Del. Feb. 27, 1998).

[9] *Sanders v. State*, 1995 WL 264532, at ¶ 1 (Del. May 1, 1995); *Sanders v. State*, 1999 WL 507240, at ¶ 3 (Del. June 9, 1999).

(6)     "[A] defendant is not entitled to have a court examine an issue that has been previously resolved 'simply because the claim is refined or restated.'"[10] Because Sanders' fifth and sixth motions for postconviction relief raised claims that has been raised and adjudicated as meritless on several occasions, the Court finds that this appeal is frivolous and an abuse of the judicial process.  In the future, if Sanders files an appeal from a case involving his 1994 convictions, the Clerk is directed to refuse the appeal unless it is accompanied by the required filing fee or a completed motion to proceed *in forma pauperis* with a sworn affidavit containing the certifications under 10 *Del. C.* § 8803(e) and the motion is granted by the Court.  Also, Sanders is advised that he risks a special order assessing costs against him if he continues to advance frivolous claims in this Court.[11]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Leo E. Strine, Jr.

Chief Justice

---

[10] *Skinner v. State*, 607 A.2d 1170, 1172 (Del. 1992) (quoting *Riley v. State*, 585 A.2d 719, 721 (Del. 1990)).

[11] *See* Del. Supr. Ct. R. 20(f).  We also encourage Sanders to be mindful of Superior Court Criminal Rule 61(j), which similarly allows the Superior Court to issue an order for the reimbursement of the State's expenses when litigants file frivolous litigation.