IN THE SUPREME COURT OF THE STATE OF DELAWARE

OTTO GARY GIBBS           §
(a.k.a. BOBBY MILLER),    §
                          §      No. 91, 2015
    Defendant Below,      §
    Appellant,            §      Court Below: Superior Court of
                          §      the State of Delaware in and for
    v.                    §      New Castle County
                          §
STATE OF DELAWARE,        §      Cr. ID No. 9605001774
                          §
    Plaintiff Below,      §
    Appellee.             §

Submitted: March 23, 2015
Decided:    June 18, 2015

Before **STRINE**, Chief Justice; **HOLLAND** and **VAUGHN**, Justices.

## O R D E R

This 18th day of June 2015, upon consideration of the appellant's opening brief and the appellee's motion to affirm under Supreme Court Rule 25(a), it appears to the Court that:

(1)    The appellant, Otto Gary Gibbs,[1] filed this appeal from the Superior Court's denial of his second motion for postconviction relief under Superior Court Criminal Rule 61. The State of Delaware moved to affirm the Superior Court's judgment on the ground that it is manifest on the face

---

[1] The defendant was arrested under the name Gary Gibbs, but it was later discovered that his real name is Bobby Miller. *See State v. Gibbs*, 2014 WL 6670676, at *1 (Del. Super. Nov. 12, 2014) (Comm'r Order and Opinion).

of Gibbs' opening brief that the appeal is without merit. We agree and affirm.

(2)     In 1997, Gibbs was tried in the Superior Court on one count of unlawful sexual intercourse in the second degree.[2] At trial, Gibbs' defense was that the sexual intercourse was consensual. The evidence against Gibbs included testimony from the police detective who took photographs of "what appeared to be blood" on the floor of the crime scene, the bathroom of Gibbs' motel room, as well as testimony from the victim and the victim's friend who had accompanied her to Gibbs' room.[3] The record reflects that the police detective's testimony and the relevant photographs were admitted into evidence without objection from the defense.

(3)     Gibbs was convicted by the jury and sentenced in October 1997 to twenty years at Level V, suspended after fifteen years for decreasing levels of supervision. This Court affirmed his conviction and sentence on direct appeal in 1998.[4] In 1999, Gibbs filed a series of motions seeking the appointment of counsel for assistance in filing his first motion for postconviction relief. The Superior Court denied the motions on the basis

---

[2] 11 *Del C.* § 774(1) (1996) (repealed 1998) (defining second degree unlawful sexual intercourse as intentionally engaging in sexual intercourse without the victim's consent and inflicting physical, mental or emotional upon the victim).
[3] *See State v. Gibbs*, 2014 WL 6670676, at *2 (Del. Super. Nov. 12, 2014) (Comm'r Order and Opinion) (citing Testimony of Brandi Stocks, Tr. Transcript, Vol. 1, p. 93).
[4] *Gibbs v. State*, 1998 WL 977116 (Del. Nov. 19, 1998).

that there is no right to counsel when seeking postconviction relief, and that Gibbs had not demonstrated good cause why counsel should be appointed.

(4) Gibbs filed his first motion for postconviction relief in 2001. He claimed, in relevant part, that his trial counsel was ineffective for failing to object to the admission of the police detective's testimony and photographs "of what appeared to be blood" at the crime scene. In its order denying his postconviction motion, dated January 7, 2002, the Superior Court ruled that Gibbs failed to show that his trial counsel's alleged errors were prejudicial. On appeal, this Court affirmed the Superior Court's judgment.[5]

(5) In 2003, Gibbs raised a similar claim of ineffective assistance of counsel in a *habeas corpus* petition filed in the U.S. District Court for the District of Delaware.[6] By memorandum opinion dated June 17, 2004, the U.S. District Court dismissed the petition as time-barred.[7]

(6) In March 2013, Gibbs filed his second motion for postconviction relief in the Superior Court.[8] Gibbs claimed that, under the

---

[5] *Gibbs v. State*, 2002 WL 2008163 (Del. Aug. 28, 2002).
[6] *Gibbs v. Carroll*, 2004 WL 1376588, at *2 (D. Del. June 17, 2004).
[7] *Id.*, at *4.
[8] The record reflects that the motion was originally filed in November 2011, but was returned as illegible. In the letter returning the motion, the Superior Court advised Gibbs that he could "redraft it and resubmit it in a more readable form." Gibbs resubmitted the motion in March 2013.

U.S. Supreme Court's decision in *Martinez v. Ryan*,[9] he was entitled to the appointment of counsel to relitigate the claims raised in his first motion for postconviction relief. He also recited the same claims of ineffective assistance he asserted in his first motion.[10]

(7) The Superior Court appointed counsel to review and evaluate Gibbs' second motion for postconviction relief in August 2013. On April 28, 2014, Gibbs' appointed counsel filed a motion to withdraw along with a supporting memorandum under Superior Court Rule 61(e)(2).[11] Gibbs' counsel represented that he had carefully analyzed the claims raised in Gibbs' second postconviction motion and determined that they were without merit and that there were no other potentially meritorious grounds for relief.

(8) The Superior Court then appointed a Superior Court Commissioner to evaluate Gibbs' claims and his counsel's motion to withdraw. The Commissioner issued a report on November 12, 2014, recommending that Gibbs' second motion for postconviction relief be denied, and that Gibbs' counsel be granted leave to withdraw.[12] The Commissioner determined that Gibbs' claim of a right to counsel based on

---

[9] *Martinez v. Ryan*, 132 S.Ct. 1309 (2012).

[10] *See State v. Gibbs*, 2014 WL 6670676, at \*3 (Del. Super. Nov. 12, 2014) (Comm'r Order and Opinion) ("Defendant's claim is an almost verbatim quote of the exact same claim he raised in his 2001 motion.").

[11] Del. Super. Ct. Crim. R. 61(e)(2) (2013) (now renumbered (e)(6)).

[12] *State v. Gibbs*, 2014 WL 6670676 (Del. Super. Nov. 12, 2014) (Comm'r Order and Opinion).

4

the *Martinez* decision was without merit, and that his ineffective counsel claims were procedurally barred as formerly adjudicated under Rule 61(i)(4).[13] By order dated February 5, 2015, the Superior Court accepted the Commissioner's report and recommendation, denied Gibbs' postconviction motion, and granted his counsel's motion to withdraw.[14] This appeal followed.

(9) On appeal, we review the denial of postconviction relief for abuse of discretion and questions of law *de novo*.[15] Having carefully considered the parties' positions on appeal and the record before the Superior Court, we conclude that the Superior Court's judgment should be affirmed. First, as the Superior Court determined, this Court has rejected the argument that *Martinez v. Ryan* entitles a defendant who proceeded without counsel in his first postconviction proceeding to be appointed counsel to "re-do" that proceeding.[16] Second, we agree with the Superior Court that Gibbs' ineffective assistance of counsel claim was procedurally barred as formerly adjudicated under Rule 61(i)(4).[17] "[A] defendant is not entitled to have a

---

[13] *Id.*, at *3.

[14] *State v. Gibbs*, 2015 WL 544887 (Del. Super. Feb. 5, 2015) *adopting* 2014 WL 6670676 (Del. Super. Nov. 12, 2014) (Comm'r Order and Opinion).

[15] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

[16] *Frazier v. State*, 2014 WL 259434, at ¶ 4 (Del. Jan. 21, 2014); *Riley v. State*, 2014 WL98643, at ¶ 5 (Del. Jan. 9, 2014).

[17] *See* Del. Super. Ct. Crim. R. 61(i)(4) (2013) (barring formerly adjudicated claim).

5

court reexamine an issue that has been previously resolved 'simply because the claim is refined or restated.'"[18]

(10) Furthermore, this Court finds no basis to reconsider his ineffective assistance of counsel claims "in the interest of justice."[19] "This Court has held that '[i]n order to invoke the 'interest of justice' provision of Rule 61(i)(4) to obtain relitigation of a previously resolved claim a movant must show that subsequent legal developments have revealed that the trial court lacked the authority to convict or punish him.'"[20] There have been no such "subsequent legal developments" since Gibbs' 1997 trial, as *Martinez* does not require reconsideration of a previously adjudicated claim,[21] and Gibbs has cited no other relevant "legal developments." The "interests of justice" exception to Rule 61(i)(4) was always intended to be narrow,[22]

---

[18] *Skinner v. State*, 607 A.2d 1170, 1172 (Del. 1992) (quoting *Riley v. State*, 585 A.2d 719, 721 (Del. 1990)).

[19] *See* Del. Super. Ct. Crim. R. 61(i)(4) (2013) (permitting reconsideration of a formerly adjudicated claim "in the interest of justice").

[20] *Weedon v. State*, 750 A.2d 521, 527 (Del. 2000) (quoting *Flamer v. State*, 585 A.2d 736, 746 (Del. 1990)).

[21] *Evans v. State*, 77 A.3d 271 (Del. 2013) ("We reject Evans' contention that *Martinez v. Ryan* required the Superior Court to consider the merits of his formerly adjudicated claims.").

[22] *See Weedon*, 750 A.2d at 528 (discussing the scope of the "interests of justice" exception); *see also Wright v. State*, 91 A.3d 972, 986 (Del. 2014) (discussing the distinction between the "interests of justice" exception to Rule 61(i)(4) and the "miscarriage of justice" exception contained in Rule 61(i)(5), and observing that a claim barred by Rule 61(i)(4) can only be considered in the interests of justice).

6

which recent amendments to the Rule make clear.[23] In that regard, we note that Gibbs has not come forward with any new evidence of his actual innocence. In fact, Gibbs does not even now contend that he had any reasonable basis to assert that the photographs were not of blood, much less that he gave his trial counsel any rational basis on which to object to the characterization of the photographs on the ground that they depicted something other than blood.

NOW, THEREFORE, IT IS ORDERED, that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*
Chief Justice

---

[23] *See* Del. Super. Ct. Crim. R. 61(d)(2) (2014) (providing that "any second or subsequent postconviction motion will be summarily dismissed unless the movant was convicted after a trial and the motion either: (i) pleads with particularity that new evidence exists to establish the movant's actual innocence in fact; or (ii) pleads with particularity that a new, retroactively applicable constitutional rule applies to the movant's case and renders a conviction or death sentence invalid."); Del. Super. Ct. Crim. R. 61(i)(4) (2014) (eliminating interest of justice exception).