# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOSHUA A. COLLINS, | § | |
| | § | No. 37, 2015 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court of |
| | § | the State of Delaware in and for |
| v. | § | Kent County |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 0911013039 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: June 4, 2015
Decided: August 6, 2015

Before **VALIHURA**, **VAUGHN** and **SEITZ**, Justices.

### ORDER

This 6th day of August 2015, upon consideration of the appellant's opening brief and the appellee's motion to affirm under Supreme Court Rule 25(a), it appears to the Court that:

(1) The appellant, Joshua A. Collins ("Collins"), filed this appeal from the Superior Court's summary dismissal of his second motion for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61"). The State has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit.

(2) In January 2010, Collins was indicted on nineteen drug and weapon offenses. On March 30, 2010, with the assistance of counsel, Collins pled guilty to

four counts, including Trafficking in Heroin, and the State entered a *nolle prosequi* on the other fifteen counts. The Superior Court immediately sentenced Collins to a total of forty-one years at Level V suspended after eight years for probation.

(3) On March 12, 2014, Collins filed a motion for postconviction relief alleging that he had received ineffective representation from his counsel. The motion also requested the appointment of counsel. By order dated March 27, 2014, the Superior Court dismissed the postconviction motion as time-barred under Rule 61(i)(1) and denied the request for appointment of counsel as moot. On appeal, this Court affirmed the judgment, ruling that Collins' "conclusory and speculative assertions of ineffective assistance of counsel" did not excuse the Rule 61(i)(1) time bar and did not establish good cause for the appointment of counsel.[1]

(4) Collins filed his second motion for postconviction relief on September 9, 2014. In the motion, Collins alleged that the State's failure to disclose misconduct in the Office of the Chief Medical Examiner ("OCME") violated his right to due process under *Brady v. Maryland*.[2] By order dated January 23, 2015, the Superior Court summarily dismissed Collins' second postconviction motion as procedurally barred. This appeal followed.

---

[1] *Collins v. State*, 2014 WL 2609107, at *2 (Del. June 9, 2014).

[2] *See Brady v. Maryland*, 373 U.S. 83, 87 (1963) (holding that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment").

2

(5) On appeal, Collins contends that his claim under *Brady v. Maryland* was reviewable under Rule 61(i)(5), and that the Superior Court erred when dismissing his second postconviction motion. Also, Collins contends that the Superior Court erred when it did not appoint counsel to represent him on his first and second postconviction motions.

(6) Having carefully considered the parties' positions on appeal, the Court concludes that the Superior Court did not abuse its discretion when dismissing Collins' second postconviction motion as procedurally barred. First, the motion was controlled by the version of Rule 61(i)(5) in effect on September 9, 2014 when the motion was filed,[3] not by the former version of the rule as Collins contends.[4] The motion was properly dismissed under Rule 61(i)(5) because Collins was convicted after a guilty plea and had not raised a retroactively applicable new rule of constitutional law.[5]

---

[3] Effective June 4, 2014, Rule 61(i)(5) provides relief when a motion that is otherwise barred under Rule 61(i)(1) through (4) satisfies the pleading requirements of Rule 61(d)(2). Under Rule 61(d)(2), a second or subsequent motion for postconviction relief is summarily dismissed unless the movant was convicted after a trial and the motion either pleads with particularity (i) the existence of new evidence that creates a strong inference of actual innocence or (ii) a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the U.S. Supreme Court or the Delaware Supreme Court, applies and renders the conviction invalid. Del. Super. Ct. Crim. R. 61(i)(5), (d)(2) (2015).

[4] Under the prior version of Rule 61(i)(5), the bars to relief in Rule 61(i)(1) through (3) did not apply "to a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction." Del. Super. Ct. Crim. R. 61(i)(5) (2014).

[5] *See* supra note 3.

3

(7) Second, even assuming that the prior version of Rule 61(i)(5) applied to Collins' second postconviction motion, the Court concludes, under our January 2015 Opinion in *Brown v. State*, that Collins' claim under *Brady v. Maryland* did not warrant review. In *Brown v. State*, when affirming the denial of postconviction relief, we rejected the defendant's claim that he was entitled to withdraw his guilty plea because of evidence of misconduct in the OCME that, according to the defendant, the State was required to disclose under *Brady v. Maryland*.[6] We concluded that evidence of the OCME investigation was impeachment evidence only, and that the defendant was not entitled to disclosure of such evidence before entering his plea agreement.[7] Moreover, in the context of the *Brown* case, we held that the defendant's knowing, intelligent, and voluntary guilty plea waived any right he had to test the strength of the State's evidence against him at trial, including the chain of custody of the drug evidence.[8]

(8) Although the Court noted in *Brown* that the decision was limited to the case before it, and that if materially different situations emerge, they must be dealt with on their precise facts,[9] Collins has not demonstrated, and the record does not reflect, the existence of circumstances requiring a different result than in

---

[6] *Brown v. State*, 108 A.3d 1201, 1206 (Del. 2015).

[7] *Id.*

[8] *Id.* at 1205-06.

[9] *Id.* at 1206 n.29.

4

*Brown.*[10] On appeal from the dismissal of Collins' second postconviction motion, the Court concludes, as it did when affirming the dismissal of his first postconviction motion, that Collins is bound by his representations on the truth-in-sentencing guilty plea form. In those representations, Collins "freely and voluntarily decided to plead guilty [and] understood that he was giving up his constitutional right to hear and question the witnesses against him."[11] The Court also concludes, under *Brown v. State*, that Collins is precluded from reopening his case now to raise a claim involving impeachment evidence that would have been relevant only at a trial.[12]

(9) Collins argues on appeal that the Superior Court erred when it did not appoint counsel to represent him on his first and second postconviction motions. His claim is barred as formerly adjudicated and without merit. On appeal from the denial of his first postconviction motion, the Court concluded that Collins had not established good cause for the appointment of counsel under then-Rule 61(e)(1).[13] "[A] defendant is not entitled to have a court re-examine an issue that

---

[10] The Court notes that Collins did not request and, unlike in *Brown*, the Superior Court did not request, the preparation of a transcript of the guilty plea colloquy.

[11] *Collins v. State*, 2014 WL 2609107, at *2 (Del. June 9, 2014).

[12] *Brown v. State*, 108 A.3d 1201, 1206 (Del. 2015).

[13] *Collins v. State*, 2014 WL 2609107, at *2 (Del. June 9, 2014). Under Rule 61(e)(1) then in effect, the court appointed counsel for an untimely first postconviction motion "only in the exercise of discretion for good cause, but not otherwise." Del. Super. Ct. Crim. R. 61(e)(1) (2014).

has been previously resolved 'simply because the claim is refined or restated.'"[14] Under the version of Rule 61(e) in effect on September 9, 2014 when Collins filed his second postconviction motion, counsel was appointed only if the motion satisfied the pleading requirements of Rule 61(d)(2).[15] Collins could not satisfy the pleading requirements of Rule 61(d)(2) because he was convicted after a guilty plea and had not raised a retroactively applicable new rule of constitutional law.[16]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

Justice

---

[14] *Skinner v. State*, 607 A.2d 1170, 1172 (Del. 1992) (quoting *Riley v. State*, 585 A.2d 719, 721 (Del. 1990)).

[15] Del. Super. Ct. Crim. R. 61(e)(4) (2015).

[16] *See* supra note 3.