# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,⁣ )
⁣ )
　　　　　v.⁣ )
⁣ ) I.D. No. 1410014987
LAMAR MASSAS,⁣ )
⁣ )
　　　Defendant.⁣ )
⁣ )

## ORDER

On this 17th day of February, 2016 and upon Defendant Lamar Massas's ("Defendant") Motion for Postconviction Relief, the Court finds as follows:

Defendant's claim on this motion for postconviction relief is a reassertion of his argument under his motion to suppress, which occurred prior to the entry of the plea: that his Fourth Amendment rights were violated because he was illegally detained during a motor vehicle stop stemming from allegations of defects, errors, misconduct and deficiencies.

When considering a Superior Court Criminal Rule 61 petition, the Superior Court is required to apply the procedural requirements before considering the merits of the petition.[1] Rule 61(i) bars consideration of a postconviction motion, among other reasons, if it is untimely (Rule 61(i)(1)), repetitive (Rule 61(i)(2)),

---

[1] *Jurbala v. State*, 2007 WL 666783 (Del. Mar. 6, 2007) (citing *Younger v. State,* 580 A.2d 552, 554 (Del. 1990)).

procedurally defaulted (Rule 61(i)(3)), or formerly adjudicated (Rule 61(i)(4)). Rule 61(i)(5) provides an exception to the first three bars if there is "a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction."[2] In addition, a repetitive motion, or one formerly adjudicated, may be reconsidered "in the interest of justice."[3]

"[A] defendant is not entitled to have a court re-examine an issue that has been previously resolved 'simply because the claim is refined or restated.'"[4]  In this case, Defendant has presented no basis on which to find that he has overcome the procedural bar of Rule 61(i)(4).  To the contrary, Defendant merely reasserts his argument made under his motion to suppress.  Accordingly, reconsideration is not warranted in the interest of justice.

Furthermore, Defendant's asserted claim was waived upon the entry of Defendant's guilty plea.  A defendant is bound by his answers on the plea form and by his testimony at the plea colloquy, in the absence of clear and convincing

---

[2] *State v. Wright*, 67 A.3d 319, 323 (Del. 2013), *as amended* (May 28, 2013) (citations omitted).
[3] *See* Super. Ct. Crim. R. 61(i)(2), (4).
[4] *Wright*, 67 A.3d at 323 (citing *Skinner v. State,* 607 A.2d 1170, 1172 (Del.1992) (*quoting Riley v. State,* 585 A.2d 719, 721 (Del.1990)); *see also Sanders v. United States,* 373 U.S. 1, 7–22, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); *Salih v. State,* 962 A.2d 257, 2008 WL 4762323 at \*2 (Del.2008) (TABLE); *Younger v. State,* 580 A.2d 552, 556 (Del.1990) (*citing Kuhlmann v. Wilson,* 477 U.S. 436, 445–55, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986)).

evidence to the contrary.[5]  Thus, the claim Defendant raises in his postconviction motion was waived when he voluntarily entered his guilty plea.  As such, they were all waived when Defendant knowingly, freely and intelligently entered his plea.

For the foregoing reasons, Defendant's motion for postconviction relief is **SUMMARILY DISMISSED.**[6]

**IT IS SO ORDERED.**

*/s/Calvin L. Scott*
**Judge Calvin L. Scott, Jr.**

---

[5] *State v. Harden*, 1998 WL 735879, *5 (Del. Super. Jan. 13, 2013); *State v. Stuart*, 2008 WL 4868658, *3 (Del. Super. Oct. 7, 2008).
[6] *See* Super. Ct. Crim. R. 61(i)(4).