IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WILLIAM GREGORY, | § | |
| | § | |
| Defendant Below, | § | No. 463, 2014 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID No. 9811012362 |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: December 17, 2014
Decided:    January 12, 2015

Before **STRINE**, Chief Justice, **HOLLAND**, and **VALIHURA**, Justices.

## **O R D E R**

This 12th day of January 2015, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, William Gregory, filed this appeal from the Superior Court's denial of his third motion for postconviction relief. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Gregory's opening brief that his appeal is without merit.[1] We agree and affirm.

---

[1] Supr. Ct. R. 25(a).

(2)   The record reflects that, in February 2000, a Superior Court jury found Gregory guilty of Attempted Murder in the First Degree, Conspiracy in the First Degree, Assault in the Second Degree, Possession of a Firearm During the Commission of a Felony, and Possession of a Deadly Weapon During the Commission of a Felony.  Gregory was sentenced to a total period of thirty years of Level V incarceration, followed by decreasing levels of supervision.  The Superior Court affirmed Gregory's convictions on direct appeal.[2]

(3)   In July 2004, Gregory requested appointment of counsel to assist him with filing a motion for postconviction relief.  The Superior Court denied Gregory's request.  Gregory filed his first motion for postconviction relief on August 19, 2004 and an amended motion on June 13, 2005.  Gregory alleged invalid grand jury proceedings, prosecutorial misconduct, violations of *Brady v. Maryland*,[3] and ineffective assistance of counsel based on, among other things, trial counsel's alleged failure to conduct additional investigation of the victim's injuries.  After concluding that the non-effective assistance of counsel claims were untimely under Superior Court Criminal Rule 61(i)(1)[4] and the ineffective

---

[2] *Gregory v. State*, 2001 WL 874766 (July 25, 2001).

[3] 373 U.S. 83 (1963).

[4] Super. Ct. Crim. R. 61(i)(1) (barring postconviction motion filed more than three years after judgment of conviction is final) (amended in 2006 to reduce filing period to one year).

assistance of counsel claims were without merit, the Superior Court denied Gregory's motion for postconviction relief.[5] This Court affirmed the Superior Court's judgment.[6]

(4) Gregory filed his second motion for postconviction relief on February 1, 2010. In this motion, Gregory argued that he was entitled to a Section 274 jury instruction under *Allen v. State*,[7] there was insufficient evidence to convict him because the victim's medical records did not support the State's claims, and his trial counsel was ineffective for failing to request a Section 274 jury instruction and failing to conduct additional investigation of the victim's injuries. The Superior Court concluded that the claims were procedurally barred under Rule 61(i) and that Gregory failed to overcome the procedural hurdles.[8] This Court affirmed the Superior Court's judgment.[9]

(5) On October 18, 2013, Gregory filed a motion for appointment of counsel and his third motion for postconviction relief. A Superior Court Commissioner denied the motion for appointment of counsel and rejected the

---

[5] *State v. Gregory*, 2005 WL 3194482 (Del. Super. Ct. Nov. 23, 2005).

[6] *Gregory v. State*, 2006 WL 2950490 (Del. Oct. 17, 2006).

[7] 970 A.2d 203 (Del. 2009).

[8] *State v. Gregory*, 2010 WL 2397010 (Del. Super. Ct. May 28, 2010).

[9] *Gregory v. State*, 2010 WL 3636190 (Del. Sept. 20, 2010).

motion for postconviction relief as nonconforming with the Superior Court's Rule 61 form. On February 27, 2014, Gregory filed another motion for appointment of counsel and a corrected version of his third motion for postconviction relief.

(6) In his third motion for postconviction relief, Gregory relied on *Martinez v. Ryan*[10] to argue that he was entitled to appointment of counsel in his first postconviction proceedings and that his lack of counsel allowed him to re-litigate the ineffective assistance claims raised in his previous post-conviction motions (as well as any new ineffective assistance claims discovered) with the assistance of counsel. On April 29, 2014, the Superior Court denied Gregory's motion for appointment of counsel. On July 29, 2014, the Superior Court denied Gregory's third motion for postconviction relief, concluding that it did not err in denying Gregory's motion for counsel in his first postconviction proceedings and that recent amendments to Rule 61 providing for the appointment of counsel in a defendant's first Rule 61 proceedings were not applicable.[11] This appeal followed.

---

[10] *Martinez v. Ryan*, —— U.S. ——, 132 S. Ct. 1309, 182 L.Ed.2d 272 (2012).

[11] *State v. Gregory*, 2014 WL 4101666 (Del. July 29, 2014). Effective May 6, 2013, Rule 61(e) was amended to provide that the Superior Court would appoint counsel for an indigent defendant in their first postconviction proceedings.

(7) We review the Superior Court's denial of postconviction relief for abuse of discretion and questions of law *de novo*.[12] The procedural requirements of Rule 61 must be considered before addressing any substantive issues.[13]

(8) Gregory first contends that the Superior Court erred in denying his postconviction motion on procedural grounds without permitting him the opportunity to amend his motion or appointing counsel. Gregory did not seek to amend his third postconviction motion before the Superior Court's denial of that motion. If Gregory is referring to his August 6, 2014 letter informing the Superior Court that he intended to file a motion for reconsideration, he did not file a motion for reconsideration. In the absence of a motion to amend or a motion for reconsideration, Gregory has not identified any error by the Superior Court.

(9) As to Gregory's contention that the Superior Court erred in denying his motion for postconviction relief without appointing him counsel, Gregory fails to make any arguments in support of his claim that he was entitled to appointment of counsel in his third postconviction proceedings.[14] An appellant must state the

---

[12] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

[13] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[14] The May 2013 amendments to Rule 61 regarding appointment of counsel in an indigent defendant's first postconviction proceedings applied to postconviction motions filed on or after May 6, 2013 and were not made retroactive. *Cook v. State*, 2014 WL 2949413, at *1 (Del. June 26, 2014); *Roten v. State*, 2013 WL 5808236, at *1 (Del. Oct. 28, 2013). The *Martinez* decision, which permits a federal court to review a substantial ineffective assistance of counsel claim on

merits of an argument in his opening brief or that argument will be waived.[15] Gregory fails to state the merits of this argument in his opening brief and has therefore waived it.[16]

(10) Gregory next argues that his ineffective assistance of counsel and prosecutorial misconduct claims are not procedurally barred under Rule 61(i) because review is warranted in the interest of justice [17] and he has pled a colorable claim of a miscarriage of justice.[18] In support of this argument, Gregory relies on his claims of ineffective assistance of counsel and his claim that the victim's medical records prove he is innocent. Gregory did not make these claims, which are a reiteration and restatement of claims made in his first and second motions for postconviction relief, in his third motion for postconviction relief. Thus, these claims may only be reviewed on appeal for plain error.[19]

---

federal habeas review, has no apparent application in this case. *Steedley v. State*, 2014 WL 4113114, at *2 (Del. Aug. 20, 2014).

[15] Supr. Ct. R. 14(b)(vi)(A)(3); *Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993).

[16] *Id.*

[17] Super. Ct. Crim. R. 61(i)(4) (providing that claims are not barred if review is warranted in interest of justice).

[18] Super. Ct. Crim. R. 61(i)(5) (providing that claims are not barred if there is colorable claim of miscarriage of justice due to constitutional violation that undermined fairness of proceedings).

[19] Supr. Ct. R. 8 ("Only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented.").

(11) There is no plain error here. The Superior Court has previously addressed and rejected Gregory's ineffective assistance of counsel claims and his claims based on the victim's medical records.[20] The Superior Court's decisions were affirmed by this Court.[21] To the extent Gregory tries to restate claims that have already been resolved, "a defendant is not entitled to have a court re-examine an issue that has been previously resolved 'simply because the claim is refined or restated.'"[22] Gregory has not shown a basis for this Court to reconsider its previous rulings. Accordingly, the Superior Court did not err in denying Gregory's third motion for postconviction relief.

(12) We note that this is Gregory's third motion for postconviction relief. We have invested considerable time detailing the reasons why Gregory's claims are barred. We will not continue to invest scarce judicial resources to address untimely and repetitive claims. We encourage Gregory to be mindful of Rule 61(j).[23]

---

[20] *State v. Gregory*, 2010 WL 2397010; *State v. Gregory*, 2005 WL 3194482.

[21] *Gregory v. State*, 2010 WL 3636190; *Gregory v. State*, 2006 WL 2950490.

[22] *Skinner v. State*, 607 A.2d 1170, 1172 (Del.1992) (quoting *Riley v. State*, 585 A.2d 719, 721 (Del.1990)).

[23] Super. Ct. Crim. R. 61(j) ("If a motion is denied, the state may move for an order requiring the movant to reimburse the state for costs and expenses paid for the movant from public funds.").

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice