IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARC TAYLOR, | § | |
| | § | |
| Defendant Below-<br>Appellant, | § | No. 20, 2016 |
| | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 1008008293 |
| Plaintiff Below-<br>Appellee. | § | |
| | § | |

Submitted: August 5, 2016
Decided: October 10, 2016

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## **O R D E R**

This 10th day of October 2016, upon consideration of the parties'

briefs and the record on appeal, it appears to the Court that:

(1)    The appellant, Marc Taylor, filed this appeal from the Superior

Court's order, dated December 17, 2015, denying his first motion for

postconviction relief.  After careful consideration, we find no merit to the

appeal.  Accordingly, we affirm the Superior Court's judgment.

(2)    After a twenty-four day trial, a Superior Court jury convicted

Taylor in March 2012 of Gang Participation, Possession of Cocaine, Assault

in the Second Degree, Possession of a Firearm During the Commission of a

Felony, two counts of Possession of a Firearm by a Person Prohibited, and

Non-Compliance with the Conditions of Bond. Initially, Taylor had been charged along with seven codefendants. Six of those codefendants pled guilty before trial. Taylor was tried along with his remaining codefendant, Kevin Rasin, who was convicted of two counts of Murder in the First Degree, Gang Participation, and related charges. On May 23, 2012, the Superior Court sentenced Taylor to fifteen years and six months at Level V incarceration, followed by decreasing levels of supervision. This Court affirmed his convictions and sentence on direct appeal.[1]

(3) Taylor filed his first motion for postconviction relief under Superior Court Criminal Rule 61 in November 2013. Taylor raised four issues in his motion, claiming that: (i) his trial counsel was ineffective for various reasons; (ii) many of the State's witnesses perjured themselves at trial; (iii) the evidence was insufficient to support his conviction for Gang Participation; and (iv) his appellate counsel was ineffective for failing to challenge inconsistencies in the witnesses' testimony on appeal. The Superior Court appointed counsel to represent Taylor. Appointed counsel ultimately filed a motion to withdraw under Rule 61(e)(6), concluding that no substantial ground for relief could ethically be argued on Taylor's behalf. Taylor was permitted to file additional points in response to his counsel's

---

[1] *Taylor v. State*, 76 A.3d 791 (Del. 2013).

motion to withdraw. On December 17, 2015, the Superior Court denied Taylor's Rule 61 motion.[2] This appeal followed.

(4) In his opening brief on appeal, Taylor raises five distinct arguments. First, he contends that his trial counsel was ineffective for failing to file a motion to sever his trial from Rasin's. Second, Taylor contends that his trial counsel was ineffective for failing to object to hearsay testimony admitted through many different witnesses.[3] Third, Taylor contends that one of the victims was coerced into identifying Taylor at trial as the person who shot him. Fourth, Taylor argues that trial counsel was ineffective for failing to file a motion for new trial based on juror misconduct and bias. Finally, Taylor contends that trial counsel was ineffective for failing to investigate and challenge the chain of custody of the gun that was admitted into evidence against him.

(5) We note that only one of the issues which Taylor raises on appeal was also raised in the Rule 61 motion he filed in the Superior Court. To the extent that Taylor raised other issues in the Superior Court, he has waived any right to review of those claims on appeal by failing to argue

---

[2] *Taylor v. State*, 2015 WL 9592457 (Del. Super. Dec. 17, 2015).

[3] As a corollary to this argument, Taylor restates a claim that this Court rejected in his direct appeal, namely that the Superior Court erred in allowing into evidence the hearsay statement of a boy named Maleek. *See Taylor v. State*, 76 A.3d at 800. The interests of justice do not require us to consider this previously litigated claim simply because Taylor has refined and restated it. *Skinner v. State*, 607 A.2d 1170, 1172 (Del. 1992).

them in his opening brief.[4]   Moreover, because Taylor failed to raise four out of his five appellate claims in the postconviction motion he filed in the Superior Court, those claims may only be reviewed on appeal for plain error.[5]

(6)   With respect to the one appellate claim that was raised below, Taylor argues that his trial counsel was ineffective for failing to file a motion to sever his trial from Rasin's trial.  We apply the *Strickland* standard in reviewing that claim.  Under *Strickland*, Taylor must demonstrate that: (a) his trial counsel's conduct fell below an objective standard of reasonableness; and (b) there is a reasonable probability that, but for counsel's unprofessional errors, the outcome of the trial would have been different.[6]   A defendant is required to set forth and substantiate concrete allegations of cause and actual prejudice.[7] Moreover, there is a "strong presumption" that counsel's representation was professionally reasonable.[8]

(7)   In analyzing Taylor's ineffectiveness claim, the Superior Court considered the likelihood of whether a motion to sever would have been granted, assuming trial counsel had file such a motion on Taylor's behalf.

---

[4] *Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993).

[5] *See* Del. Supr. Ct. R. 8 (2012); *DeJesus . State*, 655 A.2d 1180, 1198 (Del. 1995).

[6] *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

[7] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).

[8] *Strickland v. Washington*, 466 U.S. at 689.

4

The Superior Court noted the four factors a Delaware trial court will weigh in deciding whether to sever the trial of codefendants: (i) any problems involving a codefendant's out-of-court statements; (ii) an absence of substantial independent competent evidence of one codefendant's guilt; (iii) antagonistic defenses between the codefendants; and (iv) the difficulty in segregating the State's evidence between the codefendants.[9]

(8)     In Taylor's case, the Superior Court concluded that, if counsel had filed a motion to sever Taylor's trial from Rasin's, the motion would have been denied because: (i) Rasin made no extrajudicial statements that were admitted against Taylor at trial; (ii) the State had substantial independent evidence to prove Taylor's guilt; and (iii) Taylor and Rasin did not have antagonistic defenses.  The Superior Court noted that, while there might have been some difficulty in segregating the State's evidence of gang participation between Taylor and Rasin, the weight of the other three factors would have resulted in the denial of a motion to sever.  We agree and adopt the Superior Court's analysis of this claim.  Under the circumstances, Taylor's claim of ineffective assistance of trial counsel fails because Taylor cannot establish that he was prejudiced by his counsel's decision not to file a motion to sever.  Thus, we reject this claim on appeal.

---

[9] *Ayers v. State*, 97 A.3d 1037, 1042 (Del. 2014) (quoting *Floudiotis v. State*, 726 A.2d 1196, 1210 (Del. 1999)).

(9)     Taylor's four remaining claims are that his trial counsel was ineffective for failing to object to hearsay testimony, for failing to challenge the victim's coerced identification of Taylor at trial, for failing to file a motion for new trial based on juror misconduct and bias, and for failing to challenge the chain of custody of the gun.  None of these claims was raised in the postconviction motion Taylor filed in the Superior Court.  We will not consider any of these claims for the first time on appeal absent a showing of plain error.[10]  Plain error is error that is apparent on the face of the record and is so fundamental and serious that it affected the outcome of the trial.[11]  Taylor's contentions, however, are entirely conclusory and lacking any factual support or citation to the record.  In short, we find no plain error and reject these newly-raised claims.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[10] Del. Supr. Ct. R. 8 (2013).

[11] *See Roy v. State*, 62 A.3d 1182, 1191 (Del. 2012).