# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | I.D. No. 1611007969 |
| | ) | In and for Kent County |
| v. | ) | |
| | ) | RK16-12-0007-01 PFBPP PABPP (F) |
| JOSHUA D. BENSON, | ) | RK17-02-0047-01 Resist Arrest (M) |
| | ) | |
| Defendant. | ) | |

## COMMISSIONER'S REPORT AND RECOMMENDATION

### Upon Defendant's Motion for Postconviction Relief
### Pursuant to Superior Court Criminal Rule 61

Lindsay A. Taylor, Esquire, Deputy Attorney General, Department of Justice, for the State of Delaware.

Joshua D. Benson, *Pro se.*

FREUD, Commissioner
September 25, 2019

The defendant, Joshua D. Benson ("Benson"), pled guilty on August 1, 2017 on the day his matter was set for trial and after the jury had been picked to one count of Possession of a Firearm by a Person Prohibited ("PFBPP"), 11 *Del. C.* § 1448 and one count of Resisting Arrest, 11 *Del. C.* § 1257. He also faced one count of Possession of a Firearm During the Commission of a Felony, one count of Carrying a Concealed Deadly Weapon, one count of Possession of Ammunition by a Person

Prohibited, an additional count of Resisting Arrest and one count of Riding a Bicycle the Wrong Direction on a Roadway which were *nolle prossed* by the State in exchange for Benson's plea. As part of the plea deal the State and the defense agreed that Benson was an habitual offender pursuant to 11 *Del. C.* § 4214(d) and recommended a sentence of sixteen years incarceration suspended after serving fifteen years minimum mandatory followed by probation. The Court agreed with the sentence recommendation and sentenced Benson accordingly. Had Benson gone to trial and been found guilty as charged he faced life in prison. Benson did not appeal his conviction or sentence to the State Supreme Court. Instead, Benson filed a Motion for Correction of an Illegal Sentence on October 4, 2017 which this Court denied on April 17, 2018.[1] In the interim Benson filed the pending Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61 on February 20, 2018 in which he alleges, in part, ineffective assistance of counsel. He filed a memorandum in support of his motion on May 8, 2019. Benson also requested the appointment of counsel which the Court denied on April 19, 2018.[2]

After this Court denied the Motion for Correction of an Illegal Sentence, Benson filed a timely appeal with the State Supreme court and the postconviction motion was stayed. On appeal one of Benson's grounds for relief was "he could not be sentenced as an habitual offender under § 4214(d) because carrying a concealed

---

[1] *State v. Benson*, Del. Super., ID No. 1611007969, Primos, J. (April 17, 2018) (ORDER).

[2] *State v. Benson*, Del. Super., ID No. 1611007969, Primos, J. (April 19, 2018) (ORDER).

deadly weapon is not a violent felony under 11 *Del. C.* § 4201(c)"[3]   The State Supreme Court found Benson's appeal meritless and affirmed his conviction and sentence.[4]

Next on January 2, 2019 Benson filed a Motion to Amend his Rule 61 motion to add an additional claim.  Finally on April 4, 2019 Benson filed a second motion to amend to add a third claim.  The matter was briefed and is now ready for decision.

**FACTS**

On November 12, 2016, Benson was observed by two Dover Police officers riding a bicycle against the flow of traffic in violation of the law.  The officers, who were in a marked patrol car, attempted to stop Benson who instead of complying fled the police.  The police pursued Benson who ultimately fell off his bicycle and was arrested.  As the officers were approaching Benson they observed him reach several times into the left breast pocket area of his jacket.  The officers attempted to gain control of Benson's hands but Benson refused to cooperate.  Eventually, the police were able to secure Benson after threatening to tase him.  A loaded 380 caliber handgun was found in the left breast pocket of Benson's jacket.

Benson was appointed a Public Defender, J'Aime L. Walker, Esquire to represent him on the charges.  His case was initially set for trial on May 1, 2017 at which time it was continued at the defense's request.  On the same date the Court had a *pro se* colloquy with Benson who was requesting to represent himself because Ms.

---

[3] *Benson v. State*, 2018 WL 6431748, at *1 (Del. Supr.).

[4] *Id.*

Walker was unwilling to file a meritless Motion to Suppress evidence. The Court granted Benson's request to proceed *pro se* and appointed Ms. Walker as standby counsel. Thereafter Benson filed a *pro se* Motion to Suppress on May 22, 2017. A hearing on the Motion to Suppress was held on June 26, 2017. After briefing the Court denied the Motion to Suppress on July 28, 2017[5] and the matter was set for trial. As noted above, on the morning his trial was set to begin and after having picked the jury, Benson chose to plead guilty to one count of Possession of a Firearm by a Person Prohibited, after acknowledging his past criminal record, and one count of Resisting Arrest. Benson also agreed that he was eligible to be sentenced as an habitual offender.

## BENSON'S CONTENTIONS

Benson raises the following grounds for relief in his motion and amended motion for postconviction relief:

> Ground one: Ineffective Assistance of Counsel.
>
> Movant's counsel failed to properly review movant's prior criminal record and plea agreements. Failure to object to habitual offender claims, prejudice the movant's sentencing. Counsel assistance fell below the required standard, violating movants constitutional rights, thus more seriously affecting the fairness, integrity of the judicial proceedings.
>
> Ground two: Ineffective Assistance of Counsel.
>
> Prosecutorial Misconduct was established when the States

---

[5] *State v. Benson*, Del. Super., ID No. 1611007969, Primos, J. (July 28, 2017) (ORDER).

4

Prosecution withheld exculpatory "Brady" i.e. a copy of the dash cam video.

Ground three: The Trial Court violated Defendant's due process of and Defendant's 6th Amendment rights to Effective assistance of counsel when the Court granted Benson's motion to discharge his counsel but failed to appoint new counsel.

## DISCUSSION

Under Delaware law, the Court must first determine whether Benson has met the procedural requirements of Superior Court Criminal Rule 61(i) before it may consider the merits of the postconviction relief claims.[6] Under Rule 61, postconviction claims for relief must be brought within one year of the conviction becoming final.[7] Benson' motion was filed in a timely fashion, thus the bar of Rule 61(i)(1) does not apply to the motion. As this is Benson's initial motion for postconviction relief, the bar of Rule 61(i)(2), which prevents consideration of any claim not previously asserted in a postconviction motion, does not apply either.

Grounds for relief not asserted in the proceedings leading to judgment of conviction are thereafter barred unless the movant demonstrates: (1) cause for relief from the procedural default; and (2) prejudice from a violation of the movant's rights.[8] The bars to relief are inapplicable to a jurisdictional challenge or "to a claim that

---

[6] *Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991).

[7] Super. Ct. Crim. R. 61(i)(1).

[8] Super. Ct. Crim. R. 61(i)(3).

5

satisfies the pleading requirements of subparagraph (2)(i) or (2)(ii) of subdivision (d) of Rule 61.[9] To meet the requirements of Rule 61(d)(2) a defendant must plead with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted[10] or that he pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United State or Delaware Supreme courts, applies to the defendant's case rendering the conviction invalid.[11] Benson's motion pleads neither requirement of Rule 61(d)(2).

None of Benson's claims, with the exception of his claims concerning his sentence as an habitual offender, were raised at the plea, sentencing or on direct appeal. Therefore, they are barred by Rule 61(i)(3), absent a demonstration of cause for the default and prejudice. To some extent each of Benson's claims are based on ineffective assistance of counsel; therefore, he has alleged cause for his failure to have raised them earlier.

Benson's claims concerning his sentence as an habitual offender have been raised before in his earlier motion for correction of an illegal sentence which this Court denied and which ruling was affirmed by the State Supreme Court.[12] Rule 61(i)(4) bars any ground for relief that was formerly adjudicated unless

---

[9] Super. Ct. Crim. R. 61(i)(5).

[10] Super. Ct. Crim. R. 61(d)(2)(i).

[11] Super. Ct. Crim. R. 61(d)(2)(ii).

[12] *Benson*, 2018 WL 6431748, at *2.

6

reconsideration of the claim is warranted in the interest of justice.[13]  Benson raised these claims in his appeal to the Supreme Court, which found the claims meritless. Benson did no challenge the Supreme Court's ruling.  Benson has made no attempt to argue why reconsideration of this claim is warranted in the interest of justice.  The "interest of justice" exception of Rule 61(i)(4) has been narrowly defined to require that the movant "show . . . subsequent legal developments have revealed that the trial court laced the authority to convict or punish him."  This Court is not required to reconsider Benson's claims simply because it is "refined or restated."[14]  For this reason, Benson's claims concerning his sentence should be dismissed as previously adjudicated under Rule 61(i)(4).

At this point, Rule 61(i)(3) does not bar relief as to Benson's grounds for relief that were not previously adjudicated, provided he demonstrates that his counsel was ineffective and that he was prejudiced by counsel's actions.  To prevail on his claim of ineffective assistance of counsel, Benson must meet the two-prong test of *Strickland v. Washington.*[15]  In the context of a guilty plea challenge, *Strickland* requires a defendant show:  (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that counsel's actions were prejudicial to him in that there is a reasonable probability that, but for counsel's error, he would not have

---

[13]  Super. Ct. Crim. R. 61(i)(4).

[14]  *Skinner v. State*, 607 A.2d 1170, 1172 (quoting *Riley v. State*, 585 A.2d 719, 721 (Del. 1990)).

[15]  466 U.S. 668 (1984).

7

pled guilty and would have insisted on going to trial and that the result of a trial would have been his acquittal.[16] The failure to establish that a defendant would not have pled guilty and would have proceeded to trial is sufficient cause for denial of relief.[17] In addition, Delaware courts have consistently held that in setting forth a claim of ineffective assistance of counsel, a defendant must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal.[18] When examining the representation of counsel pursuant to the first prong of the *Strickland* test, there is a strong presumption that counsel's conduct was professionally reasonable.[19] This standard is highly demanding.[20] *Strickland* mandates that, when viewing counsel's representation, this Court must endeavor to "eliminate the distorting effects of hindsight."[21]

Following a complete review of the record in this matter, it is abundantly clear that Benson has failed to allege any facts sufficient to substantiate his claim that his attorney was ineffective. I find trial counsel's affidavit, in conjunction with the

---

[16] *Id.* at 687.

[17] *Somerville v. State*, 703 A.2d 629, 631 (Del. 1997)(citing *Albury v. State*, 551 A.2d 53, 60 (Del. 1988))(citations omitted).

[18] *See e.g.*, *Outten v. State*, 720 A.2d 547, 557 (Del. 1998) (citing *Boughner v. State*, 1995 WL 466465 at *1 (Del. Supr.)).

[19] *Albury*, 551 A.2d at 59 (citing *Strickland*, 466 U.S. at 689).

[20] *Flamer v. State*, 585 A.2d 736, 754 (Del. 1990)(quoting *Kimmelman v. Morrison*, 477 U.S. 365, 383 (1986)).

[21] *Strickland*, 466 U.S. at 689.

record, more credible that Benson's self-serving claims that his counsel's representation was ineffective. Benson's counsel clearly denies the allegations.

Benson was facing the possibility of life in prison had he been convicted. The sentence and plea were very reasonable under all the circumstances, especially in light of the overwhelming evidence against him. Prior to the entry of the plea, Benson and his attorney discussed the case. The plea bargain was clearly advantageous to Benson. Counsel's representation was certainly well within the range required by *Strickland*. Additionally, when Benson entered his guilty plea, he stated he was satisfied with defense counsel's performance. He is bound by his statement unless he presents clear and convincing evidence to the contrary.[22] Consequently, Benson has failed to establish that his counsel's representation was ineffective under the *Strickland* test.

Even assuming, *arguendo*, that counsel's representation of Benson was somehow deficient, Benson must satisfy the second prong of the *Strickland* test, prejudice. In setting forth a claim of ineffective assistance of counsel, a defendant must make concrete allegations of actual prejudice and substantiate them or risk dismissal.[23] In an attempt to show prejudice, Benson simply asserts that his counsel was ineffective. His statements are insufficient to establish prejudice, particularly in light of the evidence against him. Therefore, I find Benson's grounds for relief are

---

[22] *Mapp v. State*, 1994 WL 91264, at *2 (Del.Supr.)(citing *Sullivan v. State*, 636 A.2d 931, 937-938 (Del. 1994)).

[23] *Larson v. State*, 1995 WL 389718, at *2 (Del. Supr.)(citing *Younger*, 580 A.2d 552, 556 (Del. 1990)).

meritless.

To the extent that Benson alleges his plea was involuntary, the record contradicts such an allegation. When addressing the question of whether a plea was constitutionally knowing and voluntary, the Court looks to a plea colloquy to determine if the waiver of constitutional rights was knowing and voluntary.[24] At the guilty-plea hearing, the Court asked Benson whether he understood the nature of the charges, the consequences of his pleading guilty, and whether he was voluntarily pleading guilty. The Court asked Benson if he understood he would waive his constitutional rights if he pled guilty including the right to suppress evidence; if he understood each of the constitutional rights listed on the Truth-in-Sentencing Guilty Plea Form ("Guilty Plea Form"); and whether he gave truthful answers to all the questions on the form. The Court asked Benson if he had discussed the guilty plea and its consequences fully with his attorney. The Court asked Benson if he was entering into the plea as he was guilty of the charges. The Court also asked Benson if he was satisfied with this counsel's representation. Benson answered each of these questions affirmatively.[25]

Furthermore, prior to entering his guilty plea, Benson signed a Guilty Plea Form and Plea Agreement in his own handwriting. Benson's signatures on the forms indicate that he understood the constitutional rights he was relinquishing by pleading guilty and that he freely and voluntarily decided to plead guilty to the charges listed

---

[24] *Godinez v. Moran*, 509 U.S. 389, 400 (1993).

[25] *State v. Benson*, Del. Super., ID No. 1611007969 (Aug. 1, 2017) Tr. at 4-11.

10

in the Plea Agreement. Benson is bound by the statements he made on the signed Guilty Plea Form, unless he proves otherwise by clear and convincing evidence.[26] I confidently find that Benson entered his guilty plea knowingly and voluntarily and that Benson's grounds for relief are completely meritless.

## CONCLUSION

I find that Benson's counsel represented him in a competent and effective manner and that Benson has failed to demonstrate any prejudice stemming from the representation. I also find that Benson's guilty plea was entered knowingly and voluntarily. I recommend that the Court *deny* Benson's motion for postconviction relief as procedurally barred and completely meritless pursuant to Superior Court Criminal Rule 61(i)(3) and (4).

/s/ Andrea M. Freud
Commissioner

AMF/dsc
oc:  Prothonotary

---

[26] *Sommerville* 703 A.2d at 632.

11